## BACON *v.* MAYOR & ALDERMEN OF SAVANNAH.

1. Legislation which does not impair vested rights, but is purely remedial in its operation on pre-existing rights and liabilities, is not within the inhibition of the constitution which forbids the passage of retroactive laws. It follows from this principle, that where a city passed an ordinance under legislative authority directing the pavement of a street and an assessment of two thirds of the cost thereof against abutting landowners, and in pursuance of this ordinance the street was thus improved, but the ordinance was defective on account of an illegal apportionment of the assessment among the several abutting parcels of real estate, it was competent for the city to so amend its ordinance, after the completion of the work upon the street, as to conform to the statute in its provisions touching a legal apportionment of the assessment.

2. The fact that some of the property-owners under the original ordinance paid less than that required by the last assessment constitutes no valid defense to those property-owners who are required to pay according to the apportionment fixed in the amended ordinance; especially where the validity of the original ordinance was attacked by such property-owners, and, as the result of such litigation, the first apportionment was declared to be illegal, and a new apportionment required.

3. The fact that some of the improvements made upon the street are incidentally beneficial to other streets in the city furnishes no reason for an abatement or a reduction of the assessment against persons owning property abutting on the street upon which the work was done.

4. Where execution is lawfully issued by a city to collect of a property-owner an assessment against him for such improvements, it is entitled to interest on the amount due, at least from the date of such execution.

5. Questions touching the necessity for improvements placed upon a street, and the nature and terms of the contract entered into by the city with contractors who undertake the work, are in the sound discretion of the municipal authorities, and their action will not be controlled by the courts, unless such discretion is manifestly abused.

6. Applying the above principles of law, and others heretofore decided by this court in the present case, to the facts disclosed in the record, the verdict of the jury was demanded by the evidence, and there was no error in overruling the motion for a new trial.

Argued June 9, — Decided July 22, 1898.

Affidavit of illegality. Before Judge Falligant. Chatham superior court. January 8, 1898.

*Saussy & Saussy* and *R. R. Richards,* for plaintiff in error.
*Samuel B. Adams,* contra.

LEWIS, J.　This case is here for the third time, former ad-- judications of it appearing in 86 *Ga.* 301 et seq. and 91 *Ga.* 500 et seq.　On the third trial of the case below, a verdict was again rendered for the city, and the defendant filed his motion for a new trial, and assigns error on the judgment of the court below in overruling the same.　Counting the subdivisions in the mo- tion, there are over seventy-five grounds of complaint alleged. These grounds seem to cover not only most of the questions which have previously been adjudicated by this court in this identical case, but also every conceivable point which might sug- gest itself to the ingenious and analytical mind of learned coun- sel.　Many of the propositions contended for by plaintiff in error in his motion are subdivided into almost infinitesimal par- ticles, among most of which there does not appear to exist "the shade of the shadow" of a difference.　Through this volumi- nous record we have patiently toiled and have endeavored, by such winnowing mental powers as we have had opportunity and time to command, to separate from the immense chaff of imma- terial matter before us the few solid grains of legal propositions that remain in this case, and are worthy to be considered, our decision upon which is embodied in the foregoing headnotes. And our reasons for these rulings we will now proceed to give.

1.　When the case was last here it was ruled, that that part of the ordinance apportioning the assessment which directed leav- ing out of the calculation both the frontage and the cost of the street intersections was contrary to the statute, and that the as- sessment against an abutting owner upon the plan of the ordi- nance was illegal.　That decision contained the direction or suggestion of how this defect in the ordinance might be rem- edied by municipal legislation.　The record shows that the views of the court in this particular were minutely and fully fol- lowed by the municipal authorities; the ordinance was amended, a legal apportionment of the assessment made, and an execution issued accordingly.　It is contended by counsel for plaintiff in error, that this amended ordinance, in so far as it undertakes to levy a charge upon him for improvement of the street that had been completed, was retroactive legislation, and therefore un- constitutional, null and void.　It is a well-established principle

of constitutional law, that legislation may be retroactive whenever its purpose is not to destroy or impair a vested right, but to provide remedies for the purpose of enforcing existing rights of parties. Many authorities have extended the rule to cases where retroactive legislation has been had for the purpose of providing a remedy for enforcing the discharge of a moral obligation, even where no legal duty had been imposed by the law. Such seems to be the effect of the ruling in the case of New Orleans v. Clark, 95 U. S. 644, where it is decided that " It is competent for the legislature to impose upon the city the payment of claims just in themselves, for which an equivalent has been received, but which, from some irregularity or omission in the proceedings creating them, can not be enforced at law. A law requiring a municipal corporation to pay such a claim is not within the provision of the constitution of Louisiana inhibiting the passage of a retroactive law." Black, in his work on Constitutional Prohibitions, § 175, says: " The strongest prohibition against retroactive laws is found in the constitution of New Hampshire, where they are denounced as ' highly injurious, oppressive and unjust.' Yet in that State it is held that any statute which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional though it be retrospective, and although in changing or modifying the remedy the rights of parties may be incidentally affected." See a number of authorities cited in that work. For further authority directly in point on this question see Bell v. Perkins, 14 Am. Dec. 745-9; Endl. Int. Stat. § 291; 2 Beach, Pub. Corp. § 1065; 6 Am. & Eng. Enc. L. (2d ed.) 940, and citations. This question was so fully discussed by Justice Lumpkin in *Pritchard* v. *Railroad Co.*, 87 *Ga.* 294 et seq., which decision was approved and reaffirmed in *Baker* v. *Smith*, 91 *Ga.* 142, that any further discussion on the subject is entirely unnecessary. Counsel for plaintiff in error, to sustain his contention as to the unconstitutionality of this amended ordinance, cited the case of *Holliday* v. *City of Atlanta*, 96 *Ga.* 377; but that case is entirely different from the one we are now considering. There the whole ordinance was declared void because there was no compliance with the condition precedent as to notice, and the municipality had no right to pass any ordinance at all on the

subject without such notice. The city was a mere trespasser upon the land of the plaintiff. Its entry was unlawful. After showing that the first ordinance was entirely void, Justice Lumpkin, who delivered the opinion in that case, says: "Therefore, the act of 1893 was not one which merely cured a defect in remedy or affirmed an existing right of the city, but was one which injuriously affected a vested right of the citizen. It could not, therefore, be constitutionally passed." In the case at bar it was not decided by this court that the original ordinance was null and void, but only that portion of it which related to the apportionment of the assessment. This apportionment was a remedial provision in the ordinance, having reference to an enforcement of the city's legal claims against the property-owners. The improvement of the street had been legally made. The benefits had accrued to those owning abutting lands. The amended ordinance related purely to the city's remedy in enforcing its just and legal claims against such owners. Instead of destroying or impairing any vested right of theirs, its purpose was to prevent a destruction of the rights of the city. The ordinance, therefore, clearly does not fall within that class of mischiefs which the constitutional provision on the subject of retroactive legislation was intended to prohibit. This disposes of several of the grounds in the motion for a new trial.

2. Some of the grounds in the motion are apparently based on the fact that property-owners who paid under the original ordinance had paid something less than that required by the last assessment. On account of this difference plaintiff in error contended that the assessment against him was unjust. The evidence, however, fails to show that his property was assessed for one cent more than was authorized by the legal apportionment had under the amended ordinance. This change in the apportionment being brought about as a result of the proceedings he himself instituted, attacking the legality of the first assessment, he can not now be heard to complain of such alleged inequality. So far as he is concerned, it is entirely immaterial whether the city can require of the other property-owners assessed under the original ordinance the payment of the difference or not.

3. Some of the grounds of the motion complained that certain cesspools, catch-basins, etc., were of benefit to other streets. It appears, however, that the city regarded all these as necessary to a proper drainage and pavement of Liberty street, the one embraced in the ordinance. The fact that other streets were incidentally benefited thereby can furnish no sound reason for any reduction of the assessment against persons owning property on Liberty street. The improvement on the street itself is especially beneficial to those holding real estate adjacent thereto. Such improvement is also beneficial to the public generally; and hence the statute requires that the property-owner should not pay for the entire cost of paving, but simply a certain proportion thereof.

4. Complaint is also made as to interest being allowed on the claim of the city. But this is in accordance with the statute which expressly provides that executions issued on assessments for permanent improvements of streets or sewers of a municipal corporation shall bear interest at the rate of 7 per cent. per annum from the time fixed by law for issuing the same. See § 887 of Political Code; *Sparks* v. *Lowndes County,* 98 *Ga.* 284.

5. Complaint is further made in the motion, that some of the improvements placed upon Liberty street were unnecessary; and the contract entered into by the city for paving the street was attacked upon the ground that it provided for the contractors keeping the streets in repair for five years. Section 4 of the act of 1887 (Acts of 1887, p. 538) empowers the Mayor and Aldermen of the City of Savannah to renew or repair any pavement now laid or that may hereafter be laid in the city at the expense of said city and of the owners of real estate abutting on such street, etc. The question touching the necessity for such improvement and the nature and terms of the contract entered into by the city with the view of making the improvement, is necessarily left to the sound discretion of the municipal authorities, and is never interfered with by the courts unless manifestly abused. *Speer* v. *Athens,* 85 *Ga.* 49-56; *Regenstein* v. *Atlanta,* 98 *Ga.* 167; *Martin* v. *Statesboro,* 100 *Ga.* 419; *Burckhardt* v. *Atlanta,* 103 *Ga.* 302.

6. Applying the above principles of law to the facts disclosed by this record, we think that the verdict of the jury in favor of the city was not only sustained, but was really demanded by the evidence. The court did right, therefore, in overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring.*