## DRAPER *et al. v.* CITY OF ATLANTA.

1. The City of Atlanta is empowered by charter (Acts of 1897, p. 145) to renew, by the use of any material that may be decided on, any pavement on its streets whenever in the judgment of the mayor and council the paving originally laid on a street or portion of a street is worn out to that extent that it is no longer useful as a good pavement.    While an abutting-property owner may complain before the improvement is made, by injunction suit or otherwise, that the discretion vested in the city authorities has been manifestly abused, to his oppression, yet when it appears that, pursuant to law, the pavement has been laid, assessment made, and execution issued, it is too late for him to contest by illegality the discretionary power of the municipal authorities in deciding the propriety of substituting a new for an old pavement.

2. The owner of land abutting on a street in the City of Atlanta, against whom an execution has issued to collect a paving assessment, may, by illegality, deny the whole or any part of the amount for which the execution issued is due; but he can not defeat the execution or delay the city in its collection by setting up a demand which he may have against the city.

Submitted May 28,—Decided November 10, 1906.

Illegality.  Before Judge Pendleton. Fulton superior court. November 4, 1905.

A street-improvement fi. fa. in favor of the City of Atlanta was issued against Emma Draper, Jessie McKee, and Anna E Wright, as the owners of a certain house and lot in the city fronting on North Pryor street, to collect the sum of $472.25, the amount assessed against the property as their proportionate share of the expense of paving that street with asphalt in pursuance of an ordinance adopted by the city council and approved by the mayor on November 7, 1903. To the levy of this fi. fa. H. L. McKee, as agent of the owners of the property, interposed an affidavit of illegality, based upon the following grounds: (1) Both the ordinance of November 7, providing for the repavement of North Pryor street, and an ordinance approved July 8, 1904, assessing a portion of the cost against this property, were void and of no effect, because, prior to their passage, "North Pryor street, along the entire front of said property, . . was paved with belgian blocks, a far better and more suitable paving for a business street than sheet asphalt," and the belgian-block paving was in first-class condition, in no way worn out or useless, but was the best possible paving for that street and for the purposes for which it was used, it being a business street and the property levied on being used solely for business purposes; and this being so, the City of Atlanta had no legal right to take up the belgian-block paving and put instead thereof sheet-asphalt paving. (2) The action of the city was without authority of law and amounted to an abuse of the discretion of its officers, and was oppressive, in that prior to November 7, 1903, the property levied on had along its entire front a pavement of belgian blocks which had been placed on the street by the city, and the cost thereof assessed against the abutting property as provided by law, and paid by the owners of the property, which pavement was in first-class condition, not worn out or useless, but the best and most available paving for that street, etc. (3) No notice of said ordinances or of the assess-

ment thereunder was given or served upon the owners of the property levied on, as required by law. (4) The belgian-block paving in front of the property was taken up by the city and appropriated to its own use; it was of the value of $472.25 "to said property and its owners," and no part of that amount has ever been paid to them by the city; so they are entitled to a credit on the execution, for the value of this paving.

At the hearing of the case, counsel for the city moved to dismiss the illegality, whereupon the defendants in fi. fa. offered an amendment, in which the allegation was made, that when the city undertook to provide by ordinance for repaving the street with sheet-asphalt from Alabama street to Peachtree street the entire street was paved with belgian blocks, a far better and more durable pavement than sheet asphalt; that no part of this paving was worn out or no longer useful as a good pavement, but on the contrary the same was in perfect condition and of more value as paving than sheet asphalt; and that the ordinances adopted by the city (copies of which were attached) failed to comply with the law, in that they did not set out or affirmatively declare that the mayor and council exercised the judgment and discretion vested in them under the law, and did not declare that the paving originally put down on said street was worn out to the extent that it was no longer useful as a good pavement. The court declined to allow this amendment, and sustained the motion to dismiss the illegality. To the action of the court in thus disposing of the case, exception is taken by the parties against whom the execution was issued.

*Charles W. Smith,* for plaintiffs, cited: Acts 1890-91, p. 145; Acts 1897, p. 148; *Ga. R.* 124/750, 588; 103/503; 113/7; 112/784; 105/66; 100/419; 98/167; 96/546; 85/49; 80/276; 30 L. R. A. 225; 57 N. E. 12; 21 Am. R. 112; 117 Fed. 925; 2 Dill. Mun. Cor. (4th ed.) 763; Cool. Tax. (2d ed.) 678; 22 Am. & Eng. Enc. L. 1169 (2), 1170-71.

*James L. Mayson* and *William P. Hill,* for defendant, cited: *Ga. R.* 103/309; 98/167; 96/381; 85/49; 43/67; 114/397; 57/156; 56/448; 115/935; 60/120 (8); Pol. Code, §903; 181 U. S. 324, 328; 149 U. S. 30.; 140 U. S. 316; 111 U. S. 701; 3 L. R. A. 831 (2); 25 A. & E. Enc. L. 1205; Cool. Tax. (3d ed.) 20; 15 Fla. 379; 32 Kan. 456; 78 Ky. 360; 47 Mo. 492; 99 Pa. St. 337.

EVANS, J. (After stating the facts.) 1. The City of Atlanta has power and authority to renew, by the use of any material that may be decided on, any pavement on its streets, whenever in the judgment of the mayor and general council the paving originally laid on a street or portion of a street is worn out to that extent that it is no longer useful as a good pavement. Acts of 1890-91, p. 229; Acts of 1897, p. 145; *Regenstein* v. *City of Atlanta,* 98 *Ga.* 167; *Burckhardt* v. *City of Atlanta,* 103 *Ga.* 302. In order for the city to exercise this authority it is necessary for the owners of at least one half of the property along the portion of the street to be paved to petition the mayor and council to make the improvement, which petition must have the approval of the city engineer and the commissioner of public works, who shall furnish a statement of the estimated cost. Upon the filing of the application the mayor and council must cause a notice of the presentation of the petition, and of the time and place when the same will come up for consideration and action, to be published in one of the daily papers of the city at least ten days before any ordinance based on the petition shall be passed. At this hearing opportunity is to be given to all persons interested to advocate or oppose the granting of the petition. In all cases where the petition appears to have been signed by the owners of a sufficient frontage to authorize the passage of the ordinance, and the mayor and council shall so determine (which determination shall be evidenced by the passage of an ordinance), and the notice has been published as provided for and the work executed under the ordinance, the determination of the mayor and council as to the sufficiency of the petition is "final as to the rights and interests of all persons or corporations interested who have not prevented the execution of the work by an injunction or other appropriate legal or equitable remedy before it is commenced." Acts of 1897, p. 146.

The plaintiffs in error do not contend that the prerequisites of the ordinance, relating to a petition by a majority in frontage of the abutting-property owners and its approval by the city engineer and commissioner of public works, were not complied with, but in their affidavit of illegality they contend that the ordinance providing for the street improvement, and that making the assessment upon the abutting-property owners, are void because "no notice of said ordinances or the assessment thereunder was given or served

upon [them] as required by law." This does not raise the issue that no notice of the presentation of the petition and of the time and place of the hearing thereon was duly published in one of the daily papers of the city at least ten days before the passage of the ordinances based on the petition. Personal notice is not required to be given to or served upon an abutting-property owner, of either the passage of the ordinance or the assessment thereunder. Treating, then, this ground of the illegality as insufficient to raise any issue concerning the due publication of the notice required by the act of 1897, it is not alleged in any of the grounds of the illegality that the mayor and council were without jurisdiction to pass the ordinances and make the assessment thereunder.

When it appears that the city has jurisdiction of the subject-matter, that the pavement has been laid, and that execution has been issued pursuant to law, it is too late for an abutting-property owner to contest the discretionary powers of the municipal authorities in deciding the propriety of substituting a new for an old pavement. In cases where there is jurisdiction, the property owner will be estopped from questioning the validity of the proceedings of the mayor and council, if he stands by and permits the work to be done without interposing any objection. Elliott on Roads & Streets, §589. The act of 1897 gives the abutting-land owner an opportunity to appear before council and oppose the contemplated improvement; and if he appears and the municipal decision is adverse to his contention that there is no necessity for the improvement, he may then apply to the courts to restrain further municipal action, provided he alleges and shows fraud or corruption on the part of the city authorities, or that the discretion vested in them is being manifestly abused to his oppression. *Hudspeth* v. *Hall, 113 Ga. 7.*

2. The plaintiffs in error were not entitled to set off against the execution issued to collect the paving assessment any counter-claim which they may have against the city. They had the right, by affidavit of illegality, to deny that the whole or any part of the amount for which the execution issued was due (Acts of 1897, p. 140), but they could not defeat it or delay the city in its collection by setting up a demand which they have against the municipality.

*Judgment affirmed. All the Justices concur.*