## HARDWICK v. CITY OF DALTON.

Where an affidavit of illegality is filed, by an owner of property abutting on a street, to an execution issued by the city council of Dalton according to statute for the grading, paving, and improvement of certain streets within that city, which by necessary implication admits that some amount is due on the execution, which is not paid to the levying officer as required by the act of 1911 (Acts 1911, p. 1097 et seq.), such affidavit is subject to a general demurrer.

(a) An affidavit of illegality which alleges that "the amount of the execution is excessive" admits by necessary implication that some amount not excessive, included therein, is due.

(b) In such a case, before an affidavit of illegality will be received, the amount admitted to be due must be paid to the levying officer.

(c) An allegation in an affidavit of illegality that there has been "included" in the amount for which the execution has issued certain sums alleged to be illegal necessarily implies that some amount ·included which is not illegal is due; and accordingly such affidavit will not be received until the amount admitted to be due is paid.

SEPTEMBER 29, 1913.

Illegality of execution. Before Judge Fite. Whitfield superior court. April 4, 1912.

*F. K. & C. D. McCutchen* and *Maddox, McCamy & Shumate,* for plaintiff in error.

*W. C. Martin, M. C. Tarver,* and *W. E. Mann,* contra.

HILL, J. The act of the legislature of 1910 (Acts 1910, pp. 576 et seq.) authorized the City of Dalton to have certain of its streets graded, paved, and otherwise improved, and to assess one third of the cost of such improvements against each owner of abutting property. The act also provided how the cost of such improvement could be enforced by execution. By an act of the legislature approved July 19, 1911 (Acts 1911, pp. 1097 et seq.), the right to file an affidavit of illegality to such executions issued under the act of 1910 was provided for. During the latter part of the year 1910, and the early part of the year 1911, certain streets of the City of Dalton were improved in pursuance of the act of 1910; and assessment rolls were made up by the city council, apportioning the cost of the street work between the property owners. The plaintiff in error, F. T. Hardwick, declined to pay his assessment, and execution was issued against him in conformity to the act of 1910, and was levied by the city marshal on certain lots of land located on one of the streets improved. To this levy the plaintiff filed an

affidavit of illegality of the execution. General and special demurrers to the affidavit were filed by the city. The court below sustained the general demurrer and dismissed the affidavit, and the plaintiff excepted.

There are numerous grounds of the demurrer, but we shall consider only the general ground, which we think was sufficient to authorize the court below to sustain it and dismiss the affidavit of illegality. The execution on its face shows that the amount of the plaintiff's assessment for grading, paving, constructing, and otherwise improving Crawford street, on which plaintiff had abutting property, was $731.04. As to this assessment for the Crawford street improvement there are no allegations in the affidavit of illegality which would invalidate the assessment or the execution. It is alleged in the affidavit that "no proper assessment of the costs of improving Hamilton street (on which plaintiff also has property) has been made by the city council of Dalton," etc., but no such allegation is made with reference to Crawford street. There is a general allegation that the execution is proceeding illegally because "said assessment includes the cost of curbing in front of petitioner's property, when the same was already provided with the same or similar curbing for which a charge is now made." This allegation is broad enough to include "the cost of curbing" Crawford street, but it does not include paving, constructing, and otherwise improving Crawford street; and therefore the necessary implication is that some amount is due for the work done on Crawford street other than curbing. This being true, the requirement prescribed by the act of 1911 would apply. That act provides: "Should any owners of abutting property or public-service corporation desire to contest the amount of their assessment or the legality of any proceeding growing out of or connected with the paving, grading, constructing, or otherwise improving of said streets, or any portion thereof, they may do so by filing with the levying officer an affidavit of illegality and stating therein the cause of such illegality, and the amount admitted to be due, which amount so admitted to be due shall be paid to the levying officer before the affidavit shall be received; and the affidavit shall be returned to the superior court of Whitfield county, there to be tried and the issue determined as in cases of illegality," etc. No amount was paid, or tendered, by the plaintiff in this case as being due. It is alleged

in the affidavit of illegality that the plaintiff's property was already provided with proper curbing, and hence an assessment could not be levied against him for the purpose of recurbing the streets on which his property was located. This contention is without merit. In the case of *Bacon* v. *Mayor &c. of Savannah*, 105 *Ga.* 62 (31 S. E. 127), it was held: "Questions touching the necessity for improvements placed upon a street, and the nature and terms of the contract entered into by the city with contractors who undertake the work, are in the sound discretion of the municipal authorities, and their action will not be controlled by the courts, unless such discretion is manifestly abused." And to the same effect, see *Regenstein* v. *Atlanta*, 98 *Ga.* 167 (25 S. E. 428) ; *Burckhardt* v. *Atlanta*, 103 *Ga.* 302 (30 S. E. 32). There is no allegation in the affidavit of illegality in the present case that the discretion of the mayor and council of the City of Dalton was abused in ordering the improvements made on the streets in question, or in making the assessment against the defendant therefor.

The last ground of the affidavit alleges that "the amount of the execution is excessive." We think the necessary implication from this language is that some amount is due. It is true that in the conclusion of the affidavit it is alleged that "because of the facts herein set out deponent insists that he owes the city nothing." But it will be seen from "the facts" set out in the affidavit of illegality that the only reference to Crawford street is as to the recurbing, which does not include the other improvements made on that street. It necessarily follows that something must be due for those improvements, the amount of which not having been paid as required by the act of 1911, or tendered, the illegality is subject to the general demurrer filed against it. The court did not err in sustaining the general demurrer, and, regardless of the grounds of special demurrer, the dismissal of the case was proper.

<div align="center">

*Judgment affirmed. All the Justices concur.*