KELLY *et al.* v. WHITLEY *et al.*

The court did not err in granting the interlocutory injunction prayed for.
OCTOBER 2, 1913.

Injunction. Before Judge Bell. Douglas superior court. July 30, 1912.

*Anderson, Felder, Rountree & Wilson, W. T. Roberts,* and *J. R. Hutcheson,* for plaintiffs in error.

*J. S. James* and *Scott & Davis,* contra.

BECK, J. T. R. Whitley filed his petition in the superior court of Douglas county against W. P. Kelly, A. S. Baggett, sheriff, and Mrs. M. L. Duke, praying for an injunction to prevent the enforcement of a certain fi. fa. issued upon a judgment obtained by Kelly against Whitley in September, 1909, which judgment was based on a note given by Whitley to Mrs. M. L. Duke and indorsed by her to Kelly. This fi. fa. was levied on the 8th day of February, 1912; that levy was dismissed; and afterwards, on the same day, it was levied on other property as belonging to Whitley, who, on February 17, 1912, filed his affidavit of illegality. This affidavit was accepted by the sheriff, filed with the clerk, and entered upon the proper docket in the superior court, where the questions raised by it stood for trial until the March term, 1912. On May 17, 1912, Hon. Price Edwards, judge of the superior court, passed the following order: "This case came up to be heard at the regular March term, 1912, of said superior court; and thereupon counsel for plaintiff in the fi. fa. moved to dismiss said affidavit of illegality, for the reason that none of the grounds set forth therein was valid and constituted no reason why said execution and the proceedings thereon should not proceed; and after argument of counsel and upon the request of counsel for said T. R. Whitley, defendant in execution, who desired to submit additional authorities, the further hearing of said case was postponed and the decision of the court reserved; and upon the consideration of the argument and authorities cited by counsel, and of the pleadings, and it appearing to the court that none of the grounds in said affidavit of illegality are meritorious are [or?] valid: It is thereupon ordered and adjudged by the court that said affidavit of illegality be and the same is hereby dismissed, and the sheriff of said county is directed to proceed with the collection of said fi. fa." The petition for injunction in the present case was heard by Hon. George L. Bell, judge of the superior court of Atlanta circuit, on May 2, 1912, he taking jurisdiction on the ground that Judge Edwards was disqualified on account of relationship to one of the parties. It is alleged in the petition, that the order dismissing the illegality was granted at chambers; and on the hearing evidence was introduced to show

that neither the defendant in fi. fa. nor his sole counsel knew of the granting of the order until the day upon which the petition for injunction was heard. The petition attacks the order dismissing the affidavit of illegality as being void, and prays that it be set aside and annulled. Notwithstanding the pendency of the affidavit of illegality, the sheriff proceeded to advertise the property levied upon for sale on the first Tuesday in May, 1912. On the second day of May Judge Bell granted a temporary order restraining the sheriff from proceeding to advertise and sell the property levied upon; and at the interlocutory hearing upon the petition at chambers, on July 30, 1912, he passed the following order: "This case coming on to be heard, after hearing the evidence and argument of counsel, and considering the same, it is ordered that the temporary injunction be and the same is hereby granted as prayed for, and the restraining order heretofore granted is continued until the further order of the court."

The court below did not err in granting the interlocutory injunction. We do not think that the sheriff should have been permitted to proceed with the sale of the property by virtue of the fi. fa., while an affidavit of illegality was still pending in the court, undisposed of. The order of Judge Edwards, set forth above, dismissing the affidavit of illegality was apparently granted in vacation. It does not appear that any order was taken fixing the time and place at which the judge would in vacation hear and dispose of this matter after giving the notice provided for in the Civil Code, § 4853. Nor was any order granted in term, reserving the right to render a judgment in vacation, under the provisions of § 4854. This being true, the judge was without jurisdiction to pass the order disposing of the affidavit of illegality in vacation; and the order dismissing it was void and of no effect.

*Judgment affirmed. All the Justices concur.*