## WALLACE v. CITY OF ATLANTA.

BECK, J. The City of Atlanta issued against Wallace an execution for the cost of repaving a sidewalk upon which abutted property owned by him. This execution was levied upon his property, and he filed an affidavit of illegality, which, upon the trial, was dismissed on demurrer. *Held:*

1. The mayor and general council of the City of Atlanta have, under its charter, power and authority to order such pavements or sidewalks laid as they deem proper (Code of Atlanta (1910), section 340, p. 359); and the power to pave includes the power to repave when the sidewalk becomes so much worn or defective as to be no longer useful.

2. The provision in section 346, par. 3, of the Code of the City of Atlanta, touching a petition in writing by the owners of at least one half of the real estate abutting on the street, providing that such petition shall have the approval of the chief of construction, has no reference and is not a prerequisite to the exercise of the power to order a repavement of the sidewalk. See act approved September 3, 1881 (Acts 1880-81, p. 359), being an act to amend the charter of the City of Atlanta.

3. Nor do the provisions for the publication of notice, in section 347 of the Code of the City of Atlanta of 1910, have reference to action taken or proposed to be taken by the city authorities in regard to the repavement of the sidewalk, but these are applicable only to cases in which it is necessary that the owners of at least one half the real estate abutting on the street to be paved file a petition.

4. The remaining ground of the affidavit of illegality, in which the affiant seeks to show that the action of the city council in ordering the laying of the pavement for which the assessment was made was arbitrary and fraudulent, is not sufficient for that purpose. The statement that "Deponent alleges that he is advised and believes, and so charges the fact to be, that the recitals in said ordinance whereunder said assessment is made, to the effect that 'the paving originally laid is worn out to that extent that it is no longer useful as a good pavement,' are false and fraudulent and were so known to be by the members of the general council introducing said ordinance, and that the mayor and other mem-

bers of the general council were deceived and misled into adopting said ordinance by the aforesaid false and fraudulent representations of the members so introducing the same," does' not amount to a sufficiently direct and affirmative allegation that the council itself took fraudulent action in the matter; and therefore this ground failed to raise an issue which the court was bound to submit to a jury.

*Judgment affirmed. All the Justices concur.*

OCTOBER 2, 1913.  REHEARING DENIED OCTOBER 4, 1913.

Illegality of execution.  Before Judge Pendleton.  Fulton superior court.  April 2, 1912.

*J. D. Kilpatrick* and *Holbrook & Corbett*, for plaintiff in error.
*J. L. Mayson* and *W. D. Ellis Jr.*, contra.