### ODOM REALTY COMPANY *v.* MAYOR & COUNCIL OF MACON.

ATKINSON, J. 1. One of the assignments of error was expressly abandoned; others were not referred to in the brief of counsel for plaintiff in error, and will be treated as abandoned.

2. Under the facts of the case, the refusal of the court to allow certain

witnesses for the defendant to testify as complained of in the grounds of the motion for new trial was not erroneous.

3. The Mayor and Council of the City of Macon have power and authority, in their discretion, to repave sidewalks in the city and assess the cost of repaving on the real estate abutting the sidewalk. Acts 1903, pp. 568-574, sec. 8; Civil Code, § 870; *Wallace* v. *City of Atlanta*, 140 *Ga.* 649 (79 S. E. 554). The discretion is a broad one; and when the mayor and council have determined to exercise it and repave a given sidewalk, on the grounds that the existing sidewalk is "dangerous, worn out, and constructed of material other than that prescribed by the ordinances of the City of Macon,"· the courts will not interfere with the exercise of such discretion, unless under the facts of the case there was clearly an abuse of discretion. *Regenstein* v. *City of Atlanta*, 98 *Ga.* 167 (25 S. E. 428); *Burckhardt* v. *City of Atlanta*, 103 *Ga.* 302 (30 S. E. 32); *Commissioners* v. *Porter Mfg. Co.*, 103 *Ga.* 613 (30 S. E. 547). If the condition of the existing pavement was such as to afford reason for the exercise of the power to repave, in order to keep the sidewalk in a suitable condition for the public use, the act of the mayor and council in ordering the repavement will not be interfered with on the ground that it was an abuse of discretion.

4. A number of the grounds of the motion for new trial complain of certain excerpts from the charge, which in effect applied the rulings above announced, touching the extent of the discretion of the mayor and council on the subject of repaving sidewalks. Some of the expressions were open to verbal criticism; but when considered in the light of the entire charge, none of the criticisms upon the excerpts show error requiring the grant of a new trial.

5. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
SEPTEMBER 16, 1915.

Affidavit of illegality of execution. Before Judge Mathews. Bibb superior court. February 28, 1914.

*West & Dasher,* for plaintiff in error. *Walter Defore,* contra.