8789. MAYOR & ALDERMEN OF SAVANNAH v. WADE.

The grounds presented by the affidavit of illegality set out no fact showing that the execution for the affiant's proportion of the expense of street-paving was illegally issued; and it was error to overrule the demurrer to the affidavit.

DECIDED FEBRUARY 7, 1918.

Affidavit of illegality of execution; from Chatham superior court—Judge Meldrim. March 31, 1917.

*Robert J. Travis, David S. Atkinson,* for plaintiff in error.

*Osborne, Lawrence & Abrahams,* contra.

BLOODWORTH, J. 1. Ground 1 of the affidavit of illegality in this case is as follows: "Deponent has never had his day in court, was never served with any process or other notice of the pendency of this suit whereon said execution is based, nor did he waive service, nor did he appear in or defend said suit." Ground 11 alleges that the city attorney "agreed that in consideration of the defendant's not filing an injunction, the mayor and aldermen would not urge this inaction as a defense, and agreed that every

defense might be made by affidavit of illegality, or other appropriate remedy, that could have been made if deponent had begun action prior to the paving of the pavement." No attack is made upon the form of this defense; the demurrer attacks its substance. That the deponent had a right to file an affidavit of illegality is settled by the act of 1885 (Ga. L. 1884-5, p.. 362) ; but before this right will avail, the affidavit of illegality must show some legal reason why the execution should not proceed.

2. The affidavit of illegality in this case presents no fact showing that the execution which it attacks was issued illegally, and none that would authorize us to reach the conclusion that the Mayor and Aldermen of the City of Savannah, in passing the ordinance providing for the pavement of Bay street, and in paving that street, abused the discretion given by law. See Ga. L. 1890-91, vol. 1, p. 229; Ga. L. 1887, p. 537; Ga. L. 1884-5, p. 362. See also *Bacon* v. *Savannah, 105 Ga.* 62, 66 (31 S. E. 127), where it was held that the City of Savannah had the right, in its own discretion, to repave its streets, the matter being left entirely "to the sound discretion of the municipal authorities." It is nowhere contended in the affidavit of illegality that the evidence submitted upon the hearing before the mayor and aldermen did not demand the decision rendered, nor is there a suggestion that there was any conflict in the evidence. In the case of *Burckhardt* v. *Atlanta, 103 Ga.* 309 (30 S. E. 35), Justice Lewis said: "The question of improving, repairing or repaving the streets of Atlanta is left to the discretion of its municipal legislature. It is a well-established rule of law that the courts will not interfere with the exercise of such discretion unless the power conferred is exceeded, or fraud is imputed and shown, or there is an arbitrary and unreasonable invasion of private rights;" citing 1 Dill. Mun. Corp. § 94; *State* v. *Swearingen, 12 Ga.* ·23; *Mayor &c. of Athens* v. *Camak, 75 Ga.* 429; *Speer* v. *Athens, 85 Ga.* 49 (11 S. E. 802, 9 L. R. A. 402) ; *Regenstein* v. *Atlanta, 98 Ga.* 167 (25 S. E. 428). The fourth headnote in the case of *Danielly* v. *Cabaniss, 52 Ga.* 212, is as follows: "When a town council is authorized by law to do a particular act at its discretion, the courts will not control this discretion, and inquire into the propriety, economy and general wisdom of the undertaking, or into the details of the manner adopted to carry the project into execution." In the case of *Huds-*

*peth* v. *Hall,* 113 *Ga.* 7 (38 S. E. 359, 84 Am. St. R. 200), Presiding Justice Lumpkin said: "The law is well settled that where public officials 'are acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen.'" A number of cases are cited to support this statement. See also *Mayor &c. of Americus* v. *Eldridge,* 64 *Ga.* 525, 527 (37 Am. R. 89); *Macon Street Railroad Co.* v. *Macon,* 112 *Ga.* 784 (38 S. E. 60); *Hardwick* v. *Dalton,* 140 *Ga.* 635 (79 S. E. 553).

3. The 10th ground of the affidavit of illegality is as follows: "And deponent further says that among the items constituting the amount of said execution of $121.44 herein complained of, besides the items charged for material and labor of said paving, a part of said $121.44 is for repairs to roller and other items which are not properly chargeable, even under the resolutions and ordinances of council in regard to repaving said street." This ground fails to point out what portion of the $121.44 is "for repairs to roller and other items." Besides, that a portion of the amount of the execution is not due, "even under the resolutions and ordinances of council in regard to repaving said street," carries with it the necessary inference that the remainder thereof is due; and, under the law as construed in *Hardwick* v. *Dalton,* supra, this amount having neither been paid nor tendered, this ground of the affidavit of illegality must yield to the demurrer lodged against it.

4. Granting that an independent ground is set up by the concluding paragraph of the affidavit of illegality, to wit: "Wherefore deponent, denying that the whole and every part of the amount for which the said execution issued is due, presents this affidavit and prays that the same may be returned to the Superior Court of Chatham County, and there tried and the issue determined as in case of illegality," it is settled by the decision in *Dixon* v. *Savannah,* 20 *Ga. App.* 511 (93 S. E. 274), that this allegation is not sufficient to withstand a special demurrer.

5. The court erred in overruling the demurrer to the affidavit of illegality, and the judgment must be

           *Reversed. Broyles, P. J., and Harwell, J., concur.*