### 9127. RANDALL BROTHERS v. CITY OF ATLANTA.

JENKINS, J.　1. It is within the discretion of the municipal authorities of the City of Atlanta to judge whether or not a pavement is worn out, and to provide for 'its renewal by the use of any material which it may decide upon, the only limitation upon such authority being that such discretion must not be arbitrarily or unreasonably exercised. *Burckhardt* v. *Atlanta,* 103 *Ga.* 302 (4) (30 S. E. 32); *Regenstein* v. *Atlanta,* 98 *Ga.* 167 (25 S. E. 428).

2. Where in pursuance of law assessment for such purpose has been made and execution issued therefor, it is too late for the owner of abutting property to contest, by affidavit of illegality, such discretionary power of the municipal authorities. *Draper* v. *Atlanta,* 126 *Ga.* 649 (55 S. E. 929).

3. Where the owner of abutting property had sold to the city a strip of land for the purpose of widening the street, and by the terms of sale it was provided that the brick pavement as then laid in front of the property should be removed by and at the cost of the city and relaid upon the new sidewalk to be established, so as to be in as good condition as it was prior to the sale, the fact that such old material was not actually laid down upon such newly acquired sidewalk would not render nugatory a condemnation proceeding for the purpose of providing a new and different pavement.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED MAY 15, 1918.

Affidavit of illegality of execution; from Fulton superior court —Judge Bell. May 10, 1917.

*F. A. Quillian,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.