## 9099. BURNS v. CITY OF ATLANTA.

The court did not err in directing a verdict for the city, or in thereafter refusing to grant a new trial.
      DECIDED MAY 17, 1918.

Affidavit of illegality of execution; from Fulton superior court —Judge Ellis. June 30, 1917.

*Robert C. & Philip H. Alston, E. P. Burns, Moise & Riddell,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

LUKE, J. The City of Atlanta issued an execution against E. P. Burns for his proportionate cost of paving the street on which his property abutted. Upon the levy of the fi. fa. on his property he filed an affidavit of illegality, which was subsequently amended. On the trial of the case the court, at the conclusion of the evidence offered by both parties, directed a verdict in favor of the city: a motion for a new trial was overruled, and Burns excepted.

1.   There is no merit in those grounds of the motion for a new trial which complain of the refusal of the court to direct a verdict for the movant.   Refusal to direct a verdict is never error.

2.   The remaining special ground of the motion for a new trial complains of the direction of a verdict for the city: (1) because of fraud in the passage of the second ordinance for the paving of the street in question; (2) because of fraud in the making of the second contract for the paving of the street; and (3) because the evidence showed that no new petition was filed by the abutting-property owners after the passage of the first ordinance for the paving of the street; the paving being done under a subsequent ordinance.   As to the charges of fraud, there were no specific facts in the evidence to sustain them.   As to the third point, the record shows there was only a lapse of a few days between the repeal of the first ordinance and the passage and approval of the second one; that the same street to be paved under the first ordinance was to be paved under the second one; that the property owners had petitioned the city to do this work and that it had been properly done; that there was substantially no difference between the original contract under the first ordinance and the amended contract under the second one; that the cost of the paving was less than the estimate, and the minimum difference in the cost of the pavement per front foot was not appreciable; that under the original contract the cost would have been $2.116 per front foot, and that under the second contract it was $2.272; that the second ordinance was published as required by law, and that the defendant in execution had the required notice that this ordinance was pending before council, and had an opportunity to appear before that body and make his objections, if he had any; which he failed to do.   Moreover, it is clear that this is an attack upon the increased cost of the paving to him over what it would have been under the original ordinance, and hence a direct attack upon the amount of the assessment.   It follows by necessary implication that some amount of the assessment which is not illegal is due; and he has no standing in court until that amount is paid by him.   *Hardwick* v. *Dalton,* 140 *Ga.* 633 (79 S. E. 553).   This is true although the affidavit of illegality expressly states that the affiant insists that he owes the city nothing.   *Hardwick* v. *Dalton,* supra.   In the

instant case there is no proof that any amount whatever was paid or tendered to the city.

It was insisted that the petition for the paving of the street was not authority for the second ordinance, which was passed shortly after the repealing of the original ordinance. In our opinion there is nothing in this point. The charter of the City of Atlanta provides simply for a petition. There is no limitation of time within which the petition shall be gotten up or filed, nor is it provided how long the petition shall remain of file before it ceases to be in effect. The charter simply provides that when a petition is filed, signed by property owners representing the necessary percentage of the total feet of frontage abutting on the street desired to be paved, the city may pass a paving ordinance. Where a petition for the paving of a street is signed by the owners of the proper percentage of the abutting property, and an ordinance for the paving is passed, but is subsequently repealed, and, within a few days thereafter, a second ordinance for the paving is passed, it is unnecessary to have a new petition signed by the property owners, but the old petition will support the second paving ordinance. Furthermore, the evidence here discloses that the defendant in execution received the benefit of the paving, and that he stood by and saw the work being done and made no objections of any kind while it was in progress. He was, therefore, under numerous rulings of the Supreme Court and of this court, estopped from thereafter setting up, by affidavit of illegality, irregularities in the passage of the paving ordinance or in any of the necessary preliminaries thereto.

From what has been said it follows that the court did not err in directing a verdict for the city, or in thereafter refusing to grant a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*