## BURNS v. CITY OF ATLANTA.

PER CURIAM.  Prior to March 16, 1915, a petition signed by the owners
of abutting property on Grant street in the City of Atlanta was filed
with the clerk of council of said city, requesting that Grant street,
between Glenwood avenue and Georgia avenue, be paved with wood
blocks with concrete base.  A resolution based upon this petition was
introduced in general council, and the advertisement as required by
the charter of the City of Atlanta was published in a daily newspaper
having general circulation in the city.  On April 19, 1915, council
adopted an ordinance, which was approved by the mayor on May 11,
1915, providing for the pavement of Grant street within the limits
named in the petition.  On June 18, 1915, a contract was made by the
city for the laying of the pavement.  Work under the contract was
immediately commenced and one side of the street was torn up, when,
on August 27, 1915, the Georgia Railway and Power Company, object-
ing to the requirement of the city that it lay a concrete base for the
paving under its track along the street, filed its petition for injunction
against the city.  The street was at once closed to traffic and work upon
it interrupted by order of the city.  On October 4, 1915, the judge of
the superior court passed an order enjoining the city, upon the ground
that the general ordinance of the city which required street-railway
companies to construct a concrete foundation under their tracks where
permanent pavements were laid did not apply to the Grant street pave-
ment.  About this time certain property-owners on Grant street peti-
tioned council to repeal the ordinance providing for the pavement of
the street, and asked that the street be restored to its former passable
condition, "as we [petitioners] prefer that the street be left as it was
than we should be compelled to pay for an expensive permanent pave-
ment improperly laid."  On October 8, 1915, the paving contractors
proposed to council to cancel their contract with the city upon the
payment of damages to them in the sum of $1500.  On October 15,
1915, council repealed the ordinance to pave Grant street, and the
repealing ordinance was approved by the mayor on November 4, 1915.
On November 3, 1915, a resolution was adopted by the general council,
based upon the original petition of the owners of abutting property,
filed prior to March 16, 1915, providing for the pavement of Grant
street within the limits designated above.  The advertisement as re-
quired by the city charter was again published in a daily newspaper
having general circulation in the City of Atlanta; the advertisement
reciting that a petition of "property owners and others" was intro-
duced before council and was "read and referred to the street commit-
tee, asking for the repaving of Grant street," and that an ordinance
for the purpose would be introduced on a named day, and citing (invit-
ing) all persons interested to appear.  On November 15, 1915, no ob-
jection being made, council adopted an ordinance for the paving of
Grant street with wood blocks, which ordinance was approved by the
mayor on November 22, 1915.  On December 7, 1915, the city made an
agreement with the original contractors to pave the street at cost, to
include the cost of the work already done "plus 10%," the contractors

waiving all claim for damages on account of the interruption by the city of the work under the original contract. The street was thereupon paved with wood blocks with a concrete base or its equivalent. The increased cost to the owners of abutting property under the second contract over the cost under the first contract was $0.156 per front foot. After the completion of the work, no objection in the meantime having been made by any of the property-owners, an assessing ordinance was passed by council, wherein the property of Burns abutting upon Grant street was assessed $274.34 for the improvement. Thereupon Burns filed an affidavit of illegality,. on the trial of which the court directed a verdict for the city, and Burns excepted. His case was reviewed and the judgment .of the trial. court was affirmed by the Court of Appeals of this State. *Burns* v. *Atlanta*, 22 *Ga. App.* 381 (96 S. E. 11). By writ of certiorari the case was brought to this court. The principal grounds of illegality set out in the application upon which this court ordered the writ of certiorari to issue are: (*a*) The city, 'by failing to take the necessary preliminary steps, never acquired jurisdiction to pave Grant street and to apportion the cost thereof against the owners of abutting property; that is, the petition by the property-owners filed with council prior to March 16, 1915, was functus officio and could not serve as a basis of the paving ordinance of November 15, 1915; (*b*) if the city did thus acquire jurisdiction, its conduct in causing the notice to be published to the effect that a petition had been filed with it and read and referred to the street committee, when in fact such was not the case, and in the making of the second contract, which necessarily and in fact did result in an increased assessment against the owners of abutting property, constituted a fraud on defendant in fi. fa. and others similarly situated. *Held:*

1. The petition signed by the owners of abutting property and filed with council prior to March 16, 1915, had not, under the facts of this case, served its purpose and was not functus officio. The petition, not having been withdrawn, furnished a basis for the second resolution of council and for the paving ordinance of November 15, 1915, and gave to council jurisdiction to pave the street in question. Acts 1880-81, p. 359; Acts 1897, pp. 145, 146; 2 Paige and Jones on Assessment by Taxation, § 801, and cases cited in note.

2. The decision of the Court of Appeals, in so far as it is based upon a finding by the court that the facts alleged and proved on the issue of fraud were insufficient to show legal fraud upon the part of the city, is justified ·by the record. If, as insisted in the argument here, the plaintiff in error was entitled to the benefit of an estoppel by judgment on the sufficiency of his affidavit of illegality in so far as it is based upon the charge of fraud, the Court of Appeals did not rule expressly upon that question, and the application for the writ of certiorari does not complain of the failure of the court to rule thereon.

3. The defendant in error, having acquired jurisdiction to pave the street in question and to assess and apportion the cost thereof against the owners of abutting property, and the street having been paved to the advantage and benefit of the property of the plaintiff in error, without objection upon his part until the levy of the paving execution, he is

estopped to complain of mere irregularities in the making of the contract and in the laying of the pavement, conceding that such existed. *Draper* v. *Atlanta*, 126 *Ga.* 649 (55 S. E. 929); *Hall* v. *Macon*, 147 *Ga.* 704 (2), 709 (95 S. E. 248).

*Judgment affirmed. All the Justices concur.*

No. 1025. NOVEMBER 15, 1918.

Certiorari; from Court of Appeals (22 *Ga. App.* 381).

*Robert C. & Philip H. Alston, E. P. Burns,* and *Moise & Riddell,* for plaintiff in error.

*J. L. Mayson* and *S. D. Hewlett,* contra.

