## 10422.  WOOD *et al.* v. CITY OF ROME.

BROYLES, P. J.  1.  When the affidavit of illegality is construed as a whole, and most strongly (as it must be) against the pleader, the facts therein stated show by clear implication that some amount must be due from the affiants to the City of Rome for the paving of the street upon which their property abutted; and, it not being alleged therein that such amount had been paid or tendered, the affidavit of illegality was properly dismissed on the general demurrer interposed.  See Ga. L. 1909, p. 1255, sec. 71 (e)  This is true although it is alleged in the affidavit that "no part of the sum for which said fi. fa. was issued is due," and it is "expressly denied" that deponents are "legally chargeable with any por-

tion of the cost of said pavement." These allegations, in the light of the affidavit as a whole and the facts therein stated, are mere conclusions of the affiants and are without any basis of fact to rest upon. See, in this connection, *Hardwick* v. *Dalton*, 140 *Ga.* 633 (79 S. E. 553); *Burns* v. *Atlanta*, 22 *Ga. App.* 381 (96 S. E. 11); s. c. (affirmed), 148 *Ga.* 549 (97 S. E. 536).

(a) The conclusion of the affiants that no amount is due can not be supported by the fact, stated in the affidavit, that their property has been damaged in an amount larger than the amount of the fi. fa. against them, by a change of grade in the street. This is merely an attempt to set up an unliquidated demand against a judgment demand, and this could not be done in the affidavit of illegality in this case. *Hawkins* v. *County of Sumter*, 57 *Ga.* 166; *Leavel* v. *Frey*, 133 *Ga.* 723 (66 S. E. 916).

2. No ground of the affidavit of illegality was meritorious.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED JULY 22, 1919.

Affidavit of illegality; from Floyd superior court—Judge Wright. February 4, 1919.

*M. B. Eubanks,* for plaintiff in error.

*Max Meyerhardt,* contra.