*Walter DeFore, James C. Estes*, for defendant.

---

15844.   SOUTHLAND INVESTMENT CO. *v.* CITY OF MOULTRIE.

STEPHENS, J. 1. The following description of property, contained in an execution issued by a city for a paving assessment, which description is also contained in the levy, is sufficiently definite to identify the property: "One lot in block # 188 city lot No. —— in the said city of Moultrie, said State and county, commencing at a point 363.7 feet from the S. E. corner of Fifth Ave. and Main Street N. and measuring and abutting 340.3 feet on the east side of Main Street N. between A. B. & A. Ry. street —— and city limits, and running back its full width to A. B. & A. Ry. feet in a easterly direction." *Norman* v. *City of Moultrie*, 157 *Ga.* 388 (121 S. E. 391).

2. A decrease in the market value of property abutting upon a street, by reason of the egress and ingress by vehicles to and from the street being made difficult as a result of a park fifteen and a half feet wide having been constructed and left in the middle of the street by the city simultaneously with the laying of the pavement, is not a damage to the property resulting from the laying of the pavement, but is a damage resulting solely from the construction and maintenance of the park in the middle of the street. Such damage therefore is not defensive matter to an execution issued against the property for the cost of the pavement. *Draper* v. *City of Atlanta*, 126 *Ga.* 649 (55 S. E. 929).

3. The affidavit of illegality filed to the execution issued by the city for the cost of the pavement set up no defense, and was properly stricken.

Judgment affirmed. <em>Jenkins, P. J., and Bell, J., concur.</em>

DECIDED SEPTEMBER 1, 1925.

Affidavit of illegality of execution; from Colquitt superior court —Judge W. E. Thomas. July 21, 1924.

*Erle B. Askew*, for plaintiff in error.

*P. Q. Bryan, Charters & Wheeler*, contra.