### 19691. CITY OF MARIETTA v. KILE.

BROYLES, C. J. 1. Where a municipal corporation has jurisdiction to pave its streets and to assess the cost thereof against owners of abutting property, such owners will be estopped from asserting that the paving was not done in compliance with the provisions of the paving ordinance, if they stand by and permit the work to be done without interposing any objection until after the completion of the work and its acceptance by the city authorities. *Hall* v. *Macon*, 147 *Ga.* 704 (2) (95 S. E. 248); *City of Bainbridge* v. *Jester*, 157 *Ga.* 505 (3) (121 S. E. 798, 33 A. L. R. 1406); *Burns* v. *Atlanta*, 148 *Ga.* 549 (3); *Draper* v. *Atlanta*, 126 *Ga.* 649, 653 (55 S. E. 929); *Raines* v. *Clay*, 161 *Ga.* 574 (131 S. E. 499); *Randall* v. *Atlanta*, 22 *Ga. App.* 301 (2) (95 S. E. 1016).

2. Where a municipality has authority to do a particular act in its discretion, the courts will not control that discretion, unless it has been manifestly abused, nor inquire into the propriety, economy, and general wisdom of the undertaking, or into the details of the manner adopted to carry it into execution. *Chipstead* v. *Oliver*, 137 *Ga.* 483 (2) (73 S. E. 576); *Dyer* v. *Marlin*, 132 *Ga.* 445 (3) (64 S. E. 475); *City of Atlanta* v. *Holliday*, 96 *Ga.* 546 (23 S. E. 509).

3. In the instant case the affidavit of illegality alleges that the assessing ordinance was null and void because the paving was not completed in accordance with the provisions of the paving ordinance as was required by the act of the General Assembly of Georgia approved July 28, 1917. The affidavit of illegality, construed most strongly against the affiant, shows that he (an abutting-property owner) knew that the paving was

being improperly done, and that he stood by and permitted the city to finish paving the street, without making any objection until after the completion of the work and its acceptance by the city authorities. (It is true that the affidavit recites that "a number of propery owners" did object to the way in which the street was being paved, but it fails to state that the affiant was one of them.) This being true, under the above-stated rulings he was estopped from subsequently objecting to the way in which the street was paved, or from questioning the validity of the assessing ordinance. It follows that the court erred in overruling the general demurrer to the affidavit of illegality.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 11, 1929. ADHERED TO ON REHEARING, JULY 9, 1929.

*J. Z. Foster,* for plaintiff.
*Morris, Hawkins & Wallace,* for defendant.

ON REHEARING.

BROYLES, C. J. A rehearing was granted; and after a careful reconsideration of the case the syllabus was rewritten, but the judgment is adhered to. *Luke and Bloodworth, JJ., concur.*