## POOL v. WARREN COUNTY.

123 205
d126 4

1. It is incumbent on a party seeking to introduce hearsay evidence, as part of the res gestæ, to prove that the declarations testified to were so nearly connected with the transaction under investigation, in point of time, as to be free from any suspicion of device or afterthought.

2. The word "immediately" is a relative expression; and it is not sufficient, in order to render declarations admissible as part of the res gestæ, to show that they were made "immediately" after the transaction, without showing, at least approximately, how nearly they were connected therewith in point of time.

3. A ground of a motion for a new trial, complaining of the admission of evidence, which does not show that the objections set out in the motion were raised at the time the evidence was offered, will not be considered.

4. In a suit against a county, a brother of one of the county commissioners was not disqualified to act as a juror, it appearing that the commissioner was not pecuniarily interested in the result of the suit other than as a citizen of the county, and that in defending the action he acted purely in his official capacity.

5. The evidence was conflicting, but was sufficient to authorize a finding that the bridge through which the plaintiff claimed to have been precipitated by reason of the defendant's negligence was built prior to the passage of the act approved December 29, 1888 (Acts 1888, p. 39), and that the county was therefore not liable for any injuries arising out of its defective condition.

Argued April 13,—Decided June 14, 1905.

Action for damages. Before Judge Holden. Warren superior court. November 1, 1904.

*W. M. Hawes* and *Evans & Evans,* for plaintiff.
*E. P. Davis,* for defendant.

CANDLER, J.  Mrs. Pool sued the County of Warren for damages on account of injuries, alleged to have been sustained by her on account of the negligent construction of a bridge in the county and the negligent failure of the county to keep the bridge in reasonably safe repair, the bridge having given way while she and others were crossing it in a surrey, precipitating her to the water below and causing the injuries of which she complained.  The jury found a verdict for the defendant; whereupon the plaintiff made a motion for a new trial, which was overruled, and she excepted.

1, 2.  The court excluded the following evidence of the plaintiff's husband, offered in her behalf: "I knew my wife was hurt, because she complained, immediately after the accident, of being injured in her right side."  It is contended that this was error, as the evidence offered was part of the res gestæ, and as such should have been admitted.  Evidence of declarations of a person other than the witness is, as a general rule, inadmissible, as hearsay.  An exception is made to this rule where the declarations accompany an act under investigation, or are "so nearly connected therewith in time as to be free from all suspicion of device or afterthought."  Civil Code, § 5179.  It is, of course, incumbent upon a party seeking to introduce hearsay evidence contrary to the general rule to lay the foundation for its introduction by showing that it is within the exception to the rule provided by law.  In other words, one who seeks to introduce hearsay evidence, as part of the res gestæ of a transaction, must show that it is in fact part of the res gestæ.  The word "immediately" is a relative term.  It may mean a minute, an hour, a day, or a week, according to the circumstances of the case, or other periods of time which the witness has in mind when speaking.  In the present case it was incumbent upon the plaintiff to show that the declarations sought to be introduced were so closely connected with the incident of her precipitation through the bridge as to be free from any suspicion of device or afterthought.  We can not say that this was done by the use of the word "immediately."  The witness could easily have told, approximately at least, how long after the accident it was that his wife made the complaints as to which he testified.  It was not error to exclude the evidence offered.

3. The motion also complains that "court erred in permitting, over plaintiff's objection, counsel for the defendant to propound to, and [a named witness] to answer, the following hypothetical question." The question and answer are then set out at considerable length, after which the movant proceeds to criticize the ruling of the court admitting the evidence. It nowhere appears, however, that the objections made in the motion were raised on the trial of the case; and following its oft-repeated decisions, this court will not pass on any question in a motion for a new trial which does not affirmatively appear to have been passed on by the trial judge.

4. The county commissioners were not pecuniarily interested, as such, in the result of the suit. Every citizen of the county had the same interest as they. As officials it was their duty to defend the suit on behalf of the county, but their official character did not give them any greater interest in the result than if they had been private citizens. Therefore a brother of a county commissioner was no more disqualified to serve as a juror than would have been any citizen of the county. This case differs from *Dumas* v. *State*, 62 *Ga.* 58. There the county commissioner actively furthered the prosecution of the accused, and in doing so did acts which were not within the scope of his official duty. His nephew was held to be incompetent as a juror by reason of relationship, not on account of the commissioner's official connection with the prosecution, but because the commissioner acted otherwise than as an official. For, said the court (p. 64), the commissioner was to be regarded "as a volunteer prosecutor, and as having committed himself personally and in his private capacity to the side of the prosecution." See also *Augusta R. Co.* v. *McDade*, 105 *Ga.* 134 ; *Smith* v. *Smith*, 119 *Ga.* 239.

5. The sole issue of fact involved was whether or not the bridge through which the plaintiff fell was constructed prior to the passage of the act approved December 29, 1888 (Acts 1888, p. 39), providing that a county shall be primarily liable for injuries caused by reason of defective bridges; for it is admitted that if the bridge was built before that time, no liability attaches to the county for its defective condition. The man who built the bridge testified that the work was done in 1888 or 1899 ; his belief was that it was in 1889, but he could not

swear positively as to which year it was.   He also testified that two or three months elapsed after the work was done before he was paid for it.   The records of the county commissioners, introduced in evidence, showed that authority to rebuild the bridge was granted on November 6, 1888, and that the work was paid for May 5, 1891.   There was evidence for the county that the bridge had been built as early as 1883 or 1884, and that it had never been washed away and rebuilt, as contended by the plaintiff, but had only been repaired from time to time as occasion required.   It will thus be seen that there was a square conflict in the evidence.   The issue of fact was fairly submitted to the jury, who found for the defendant.   The trial judge was satisfied with the verdict, and this court will not disturb it.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent, and Evans, J., disqualified.*