### 10427.   EAST ATLANTA BANK v. WARREN et al.

Ordinarily the failure to record a mortgage, given to secure the payment of a note, will not release the surety on the note unless the mortgage and the note were executed contemporaneously. However, under the facts of the instant case, the failure to record the mortgage given to secure the payment of the debt evidenced by the note sued upon released the surety, although the note and the mortgage were not given contemporaneously.

> DECIDED JULY 22, 1919.

Complaint; from DeKalb superior court—Judge Smith. February 14, 1919.

*Burress & Dillard,* for plaintiff.

*F. A. Quillian, Alonzo Field,* for defendant.

BROYLES, P. J.   The note sued upon was given as a renewal of a note past due. M. L. Warren was merely a surety on the note sued upon, and this fact was known to the plaintiff, the owner of the note. The note was executed on August 31, 1915. On July 6, 1915, the plaintiff took a mortgage, or loan deed, from the makers of the note, to secure the payment of another note due by them and also any other indebtedness the makers might

owe the plaintiff. When this mortgage was given, the makers owed the plaintiff the debt for which the note sued upon was subsequently given. This mortgage was never recorded. The makers of the note went into bankruptcy, the plaintiff proved its claim in the bankrupt court, abandoned its mortgage, and made no effort to foreclose it. The surety testified that one of the inducements held out to him by the plaintiff to sign the note sued upon was that the mortgage had been taken from the makers of the note to secure its payment.

Under these circumstances we think the failure of the owner of the note to record the mortgage increased the risk of the surety and discharged him. The real test is not whether the note and the mortgage to secure it were given contemporaneously, but whether, under the facts stated, the failure to place the mortgage on record increased the surety's risk. The fact that the makers of the mortgage refused to sign it until the mortgagee agreed not to record it would not prevent the surety from being released, he not being a party to the agreement and being in ignorance thereof at the time he was induced to sign the note sued upon. The surety did not contend that the note and the mortgage were executed contemporaneously, and there was no evidence that they were. The court therefore erred in instructing the jury that the surety did so contend, and in charging them, in substance, that it was for them to say whether or not the note and the mortgage were given contemporaneously. Under the above ruling, however, this error was harmless and does not require a new trial.

The pleadings and the evidence were sufficient to authorize the charge upon the subject of usury. The other special assignments of error show no cause for a new trial. The verdict was amply supported by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*