## STATE OF GEORGIA *v.* CALLAWAY, executor, *et al.*

1. The proceedings substantially complied with the law applicable to the case of a taxpayer who had failed to return his property for taxation, who had been notified by the tax-receiver to make a return, who had failed to comply with the notice, and whose property had been assessed by the tax-receiver, and who had accordingly demanded an arbitration. They were not under the tax-equalization law of 1913, which had no application. The oaths to which the arbitrators subscribed were in substance sufficient to comply with § 1100 of the Civil Code.
2. The arbitrators selected were not ineligible by any reason assigned.
3. The court did not err in refusing a pendente-lite injunction.

No. 1653. MAY 14, 1920. ADHERED TO ON REHEARING, AUGUST 14, 1920.

Petition for injunction. Before Judge Hammond. Richmond superior court. September 2, 1919.

*Pierce Brothers, A. L. Franklin,* and *W. K. Miller,* for plaintiff. *Callaway & Howard,* for defendants.

GILBERT, J. 1. This is a proceeding to enjoin the arbitration of the valuation of personal property for taxation. It is contended that the arbitrators were illegally proceeding under the tax-equalization law. It may be profitable to set out the procedure required by our code in such cases. "When the owner of property has omitted to return the same for taxation at the time and for the years the return should have been made, such owner is required to do so for each year he is a delinquent, said return to be made under the same laws, rules and regulations as existed during the year in default." Civil Code, § 1055. "When the omitted property is of that class which should have been returned to the tax-receiver of the county, the said tax-receiver shall notify in writing such delinquent, requiring that he shall make a return thereof within twenty days." Civil Code, § 1057. If such a delinquent refuses to return his property after the notice given, "it shall be the duty of the tax-receiver to assess such property for taxation from the best information he can obtain as to its value for the years in default, and notify such delinquent of the valuation, which shall be final, unless the taxpayer raises the question that it is excessive, in which event the further procedure shall be the same as provided by law when the value of returned property is arbitrated." Civil Code, § 1059. The taxpayer, being dissatisfied with the assessment of the tax-receiver, has the privilege of leaving it to three disinterested persons for arbitration. Civil Code, § 1098. "Whenever such assessors are called in, they shall take an oath before the receiver to do justice between the parties at variance touching the true assessment of the tax return." Civil Code, § 1100. The petition shows that the taxpayer had failed to return certain personal property for taxation during the years 1911, 1912, 1913, 1914, 1915, 1916, and 1917, inclusive. Pursuant to Civil Code § 1059 the tax-receiver proceeded to assess the property for taxation, from the best information he could obtain as to its value for the years in default, and notified the delinquent of the valuation. Thereupon, within twenty days after receiving the notice, the taxpayer gave

notice to the tax-receiver that he was "dissatisfied with the assessments," and requested that "said assessments be referred to arbitration as provided by law." The taxpayer also notified the tax-receiver that he had selected Percy E. May as one of the arbitrators. Thereupon the tax-receiver named as arbitrator Thomas S. Gray. These two arbitrators failing to agree upon a third, the commissioners of roads and revenues of Richmond County appointed C. D. Carr as the third arbitrator. The two arbitrators first named subscribed to an oath that they would "faithfully and impartially make a true and just assessment of the tax returns and property in question," and would "determine the matter submitted to them according to law and the justice and equity of the case." The oath subscribed by the third arbitrator recited that he would "impartially determine the matter submitted according to law and the justice and equity of the case." The plaintiff insists that the arbitration is void and should be set aside, because it is a proceeding under the tax-equalization law of 1913 (Acts 1913, p. 123); that the arbitrators took the oath prescribed by the tax-equalization act, and proceeded to make a finding as provided under the equalization law, whereas they should have proceeded under the law of 1910, which provided that the arbitrators should "find the true value" of the property; and should have taken the oath provided in § 1100 of the Civil Code. We think the contention is untenable. The notice to the taxpayer was given by the tax-receiver as required under the Civil Code, § 1057, and the request for arbitration by the taxpayer was sufficiently broad to comply with the requirement of § 1098. The oaths to which the arbitrators subscribed were in substance sufficient to comply with § 1100. A failure to take the oath in the exact words of the code would not invalidate the proceedings. Nothing in the entire proceeding as alleged in the petition indicated that it was by virtue of the equalization law. The latter could have had no application to the taxation of property for any of the previous years, but only to the current year. Under the allegations of the petition, therefore, we think it perfectly clear that the tax-receiver and the taxpayer intended to comply with the law applicable to the case of a taxpayer who had failed to return his property for taxation, who had been notified by the tax-receiver to make a return, who had failed to com-

ply with the notice, and whose property had been assessed by the tax-receiver, and who had accordingly demanded an arbitration.

2.    It is contended that the arbitration is void and should be set aside, because two of the arbitrators were not impartial and were ineligible.    It is insisted that one of these arbitrators was the business partner of a son-in-law of the taxpayer, and that the other arbitrator was the president of a bank of which the taxpayer was the attorney and legal adviser; that because of these facts the two arbitrators were biased in behalf of the taxpayer and were not legally eligible to act.    It may be true that the selection made of the third arbitrator was inadvisable and injudicious, and that the selection made by the taxpayer was of a personal friend. There is nothing in the allegations, however, to show that either of the arbitrators was in fact ineligible because of bias as to the conflicting interests in the arbitration.

3.    The allegations in regard to the pending suit for mandamus against the tax-receiver need not be discussed, as the questions involved therein show no cause for injunction.    *Richmond County* v. *Steed,* ante, 229.    The court did not err in refusing a pendente-lite injunction, which was the only judgment excepted to, and therefore our ruling herein is confined to that judgment.

*Judgment affirmed.    All the Justices concur.*