PEOPLES CREDIT CLOTHING COMPANY *v.* CITY OF ATLANTA *et al.*

HINES, J.  1. He who would have equity must do equity, and give effect to all equitable rights of the other party respecting the subject-matter of the suit.  Civil Code (1910), § 4521.  One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought.  *S., F. & W. Ry.* v. *Morton*, 71 *Ga.* 24; *Hardwick* v. *Dalton*, 140 *Ga.* 633 (79 S. E. 553); *Burns* v. *Atlanta*, 22 *Ga. App.* 381, 382 (96 S. E. 11); *Wood* v. *Rome*, 24 *Ga. App.* 115 (100 S. E. 74).

2. By section 3 of the act of August 19, 1912, entitled "An act to amend an act establishing a new charter for the City of Atlanta, approved February 28th, 1874, and the several acts amendatory thereof; and for other purposes," any taxpayer in the City of Atlanta, who feels aggrieved at the

assessment placed on his property for the purposes of taxation, may file a petition with the chairman of the tax committee for the purpose of having such assessment reduced. Thereupon the tax committee of the city shall have a hearing thereon after notice of the time and place of such hearing to the taxpayer, to the tax investigator or other per-.sons which the committee desires to be present, and also to the tax-assessors. At said time and place the tax committee shall investigate all the facts relating to the taxpayer's return, and after such investigation shall order the same reduced, raised, or approved, as the committee may find to be just, fair, and reasonable, and shall report to the general council their findings upon such hearing. If these findings are approved by the general council, these findings shall thereupon be held final for the year for which such assessments were made. Ga. Laws 1912, pp. 562, 565. A taxpayer of the City of Atlanta, aggrieved by the assessment placed upon his property for taxation by that city, should pursue this remedy; and not resort to a court of equity to enjoin the assessment upon the ground that it is excessive and arbitrary.

3. The tax executions issued by the city against the plaintiff were not executions in rem, but in personam.

4. "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code (1910), § 1140. Under this section executions against a taxpayer for his taxes for given years may be levied upon property afterwards acquired by the taxpayer. The fact that the taxpayer has disposed of all property returned by him in the years for which assessments were made against him for his taxes does not discharge property subsequently acquired by the taxpayer from the lien for such taxes and from executions issued against him for the enforcement thereof.

5. Applying the above rulings, the judge did not err in refusing to enjoin levies of these tax executions by the defendants against the plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 8378.   OCTOBER 16, 1931.

656

*Hyman M. Morris,* for plaintiff.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.