CANDLER *et al. v.* GILBERT *et al.,* tax-assessors, *et al.*

No. 10683. MAY 18, 1935. REHEARING DENIED JUNE 14, 1935.

*Walter T. Johnson* and *Maurice C. Thomas,* for plaintiffs.

*J. A. Branch, Ralph H. Pharr, Frank Carter,* and *T. B. Branch Jr.,* for defendants.

GILBERT, Justice. John H. Candler and others, individuals and corporations, plaintiffs in error in this court, filed in the office of the tax-receiver of Fulton County, Georgia, their ad valorem tax returns for the year 1934. These returns were not accepted, and the board of tax-assessors proceeded to assess the property at higher values. A demand was made for arbitration, and the members of

the board of arbitrators chosen. The taxpayers claimed that the board was not properly constituted (one member having been nominated as a candidate for the office of county commissioner of roads and revenues), and at the time set for the hearing the taxpayers did not attend. Thereupon the board of arbitrators, consisting of the umpire and one arbitrator, made its findings and fixed the values of the property. The taxpayers filed in the superior court a petition to enjoin the collection of the taxes, to have declared void, illegal, invalid, and unconstitutional the assessments on which the taxes were based, and generally for other equitable relief, naming as defendants the members of the board of tax-assessors, the members of the board of roads and revenues, the tax-receiver and the tax-collector of Fulton County, and A. Steve Nance and Ed L. Almand, members of the board of arbitration. Demurrers were filed by several of the defendants. Upon the hearing the court denied the prayers for injunction and other relief. The petitioners excepted.

1. One who has been nominated for a county office, but has not been duly elected, is not for that reason disqualified to act as an arbitrator for a tax-assessment. *Pool* v. *Warren County,* 123 *Ga.* 205 (4) (51 S. E. 328) ; *State* v. *Callaway,* 150 *Ga.* 235, 238; *Bashlor* v. *Bacon,* 168 *Ga.* 370 (147 S. E. 762) ; 2 R. C. L. 372, § 20.

2. The court was authorized to find against the petitioners on the controlling issues of fact. There was no contention that the assessments made by the arbitrators were illegal because they were made on too high a valuation, or that they were made on a different basis from that of other taxpayers.

3. The court was authorized to find that the only arbitrator appointed by the taxpayers was legally disqualified because of pecuniary interest, and that there was a failure to avail themselves of the lawfully constituted tribunal to arbitrate the assessments. Compare *Vestel* v. *Edwards,* 143 *Ga.* 368 (85 S. E. 187) ; Keystone Driller Co. *v.* General Excavator Co., 290 U. S. 240 (54 Sup. Ct. 146).

4. The court was authorized to find that no complaint was made of any assessment made by the board of arbitrators as constituted, except on the ground that they were not authorized to take any official action, for reasons stated.

5. The petitioners made tax returns of property subject to tax-

ation, thus admitting their liability for taxes on the property returned. There was no offer to pay the amount of tax admitted to be due. "He who would have equity must do equity, and give effect to all equitable rights of the other party respecting the subject-matter of the suit." Code of 1933, § 37-104. "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought. *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 24; *Hardwick* v. *Dalton,* 140 *Ga.* 633 (79 S. E. 553) ; *Burns* v. *Atlanta,* 22 *Ga. App.* 381, 382 (96 S. E. 11) ; *Wood* v. *Rome,* 24 *Ga. App.* 115 (100 S. E. 74)." *Peoples Credit Co.* v. *Atlanta,* 173 *Ga.* 653 (160 S. E. 873).

6. The laws under which the taxes were levied and assessed are not attacked as void on constitutional grounds, but the method of enforcement is attacked as being in conflict with par. 1 of sec. 2 of art. 7 of the constitution of Georgia, which provides for uniformity of ad valorem taxation, and in violation of the due-process clause of the State and Federal constitutions. This contention is without merit. The method adopted for enforcement of tax collections was not contrary to the State or the Federal constitutions, as alleged.

7. There is no merit in the complaint that the assessments were made by the board of tax-assessors, "not by said board investigating, hearing evidence as to, or in any other legal way determining the fair market value of said properties, but said board of assessors, after rejecting the returns of said properties for taxation, which petitioners allege were made in all respects in compliance with the requirements of the statutes, following an illegal custom, practice, or system of making assessments, of long standing in said county, arrived at and fixed their assessments of said urban properties by arbitrarily adopting as their assessments of the taxable values thereof 70% of the assessments of said properties previously placed thereon by the board of tax-assessors of the City of Atlanta, as is shown by the exhibit to the petition, which last-mentioned board of assessors is an entirely distinct and separate board of a different political subdivision, with which the County of Fulton has no official connection, and its board of tax-assessors has no legal relations, and no legal means of knowing the procedure or evidence

in pursuance of which said city tax assessments were determined." Said action of the defendant board of tax-assessors, it was alleged, "was tantamount to a renunciation and abdication of its functions, and constituted an illegal shifting and delegation of its duties to the municipal board of tax-assessors, the assessments of which it adopted to the extent stated." No facts are shown whereby petitioners were denied the right of introducing evidence before the arbitrators, and on the hearing for injunction each of the petitioners failed to testify. The general rule is that no injunction will lie to interfere with the collection of taxes. Code of 1933, § 92-7901. Before enjoining taxation, "the law and facts must be such as to clearly require such action." *McCrory* v. *Board of Commissioners,* 177 *Ga.* 242 (6) (170 S. E. 18).

8. Petitioners demanded an arbitration on their tax returns, and named an arbitrator to represent them. An arbitrator was appointed to represent the board of tax-assessors. The arbitrator selected by the taxpayers was legally disqualified to act, by reason of pecuniary interest in the amount of the reductions sought, and there was a failure by the parties to agree upon a third arbitrator or umpire. The first named arbitrator refused to act further. The umpire was duly appointed as provided by law. There being no qualified successor to the taxpayers' representative appointed, the two lawfully appointed assessors proceeded to assess the property. *Held:* (*a*) The assessments were not void because the umpire was prematurely appointed, or for any other reason assigned. (*b*) The court was authorized to find that on such failure to participate, the two remaining arbitrators could proceed to hear evidence and fix the assessments, in accordance with Code of 1933, § 92-6912, which would require the vote of two arbitrators to fix any assessment. *McGregor* v. *Hogan,* 153 *Ga.* 473, 480 (112 S. E. 471).

9. It is urged in an assignment of error that the appointment of a third arbitrator or umpire could not be made until the two arbitrators failed to agree upon the value of the taxable properties. Inasmuch as the taxpayers selected an arbitrator who was legally disqualified, and who refused to complete the arbitration, and the taxpayers did not appoint a competent successor, they can not resort to equity to enjoin the arbitrators, duly appointed and qualified, from acting as provided by the Code of 1933, § 92-6912.

10. Petitioners had an adequate remedy provided by the Code

of 1933, § 92-6912. *McGregor* v. *Hogan*, supra, s. c. 263 U. S. 234 (44 Sup. Ct. 50). For that reason the court did not err in refusing an injunction.

11. The case of *City of Macon* v. *Ries*, 179 *Ga.* 320 (176 S. E. 21), does not conflict with any ruling here made. In view of the conclusions reached, it would serve no useful purpose to discuss the numerous authorities cited in the elaborate brief of counsel for the plaintiffs in error. *Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.