CLISBY *et al. v.* CITY OF MACON *et al.; et vice versa.*

ATKINSON, Presiding Justice. 1. In a suit to enjoin collection of municipal taxes, based on alleged illegal and excessive assessments of values of property for taxation, the petition did not allege payment or tender of payment of taxes admitted to be due. The judge dismissed the action on demurrer on the ground that by reason of failure to allege payment or tender of payment of the amount admitted to be due, the plaintiffs could not have the equitable injunctive relief.

2. "He who would have equity must do equity, and give to effect to all equitable rights of the other party respecting the subject-matter of the suit." Code of 1933, § 37-104. " One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought. *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 24; *Hardwick* v. *Dalton,* 140 *Ga.* 633 (79 S. E. 553); *Burns* v. *Atlanta,* 22 *Ga. App.* 381, 382 (96 S. E. 11); *Wood* v. *Rome,* 24 *Ga. App.* 115 (100 S. E. 74); *Peoples Credit Co.* v. *Atlanta,* 173 *Ga.* 653 (160 S. E. 873)." *Candler* v. *Gilbert,* 180 *Ga.* 679 (180 S. E. 723). See *Mayor &c.* v. *Huff,* 60 *Ga.* 221 (3); *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (4) (134 S. E. 152); *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (3) (139 S. E. 521); *Elder* v. *Home Building & Loan Association,* 185 *Ga.* 258 (194 S. E. 745); *Sharpe* v. *Waycross,* 185 *Ga.* 208 (2, 3) (194 S. E. 522); *Mayor &c. of Savannah* v. *Fawcett,* 186 *Ga.* 132 (2, 3) (197 S. E. 253). The ruling above made is not opposed to the decisions in *Pierce Trading Co.* v. *Blackshear,* 182 *Ga.* 649 (186 S. E. 721); Keokuk & Hamilton Bridge Co. *v.* Salm, 258 U. S. 122 (42 Sup. Ct. 207, 58 L. ed. 122); Taylor *v.* Secor, 92 U. S. 575 (23 L. ed. 663). It was insufficient to allege that plaintiffs "hereby offer and stand ready to pay" the amount admitted to be due. In order to enable plaintiffs to come into equity it was essential in the first instance that they should have paid or tendered the amount admitted to be due. The result of failure in that respect can not be avoided by subsequent payment of the amount admitted to be due.

3. The judge did not err in dismissing the action. This disposes of a controlling question in the case and renders it unnecessary to deal with other questions.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Jenkins, J., disqualified.*

Nos. 13512, 13520. MARCH 12, 1941. REHEARING DENIED MARCH 29, 1941.

*Walter T. Johnson, Orville A. Park,* and *Orville A. Park Jr.,* for plaintiffs.

*E. W. Maynard* and *J. E. Hall Jr.,* for defendants.