AYER *v.* LAMAR COUNTY.

No. 14277. OCTOBER 14, 1942:

714

J. R. Terrell, for plaintiff.   E. O. Dobbs, for defendant.

DUCKWORTH, Justice. The court did not err in refusing to grant the plaintiff any of the relief sought. Lamar County, the

defendant, was proceeding under the act of 1937 (Ga. L. 1937, p. 491) to foreclose the plaintiff's right to redeem property sold at a tax sale. While a portion of the taxes involved became due before its passage, this act was applicable because the sale took place after its passage. See *DuBignon* v. *Brunswick, 106 Ga.* 317 (3) (32 S. E. 102). After the county had given notice to foreclose the right of redemption, as provided in the act, the plaintiff sought by this suit to have the sale and deed declared null and void, to have the deed canceled, and to enjoin the county from interfering with her possession of the property described in the deed. It is contended that the sale and deed were null and void, because a portion of the proceeds therefrom was applied to the satisfaction of tax fi. fas. against the plaintiff for the years 1930 and 1931, which executions were more than seven years old at the time of the levy under which the sale was made, and because the plaintiff had not been given credit for a homestead tax exemption for the year 1938. The plaintiff did not file a claim for a tax exemption, as required by Ga. L. Ex. Sess. 1937-38, p. 145, but she contends that this was not necessary, because this act is void in that it violates the constitutional amendment providing for the exemption. It is also contended that the deed was void because the county's bid covered these illegal tax claims. No contention is made that the plaintiff did not owe the full amount of the 1932 tax execution under which the levy was made, or that she did not owe the full amount of the executions for taxes for the years 1933 to 1937, inclusive, which were satisfied from the proceeds of the sale. Yet she made no tender of any amount. The act of 1937 providing for the foreclosure of the right of redemption contains the following provision: "After notice to foreclose the right of redemption, as hereinabove required and provided for, shall have been given, no suit at law, or bill in equity, shall be filed, allowed, sanctioned, or maintained for the purpose of setting aside, canceling, or in any wise invalidating the tax deed referred to in such notice, or the title conveyed by said tax deed, unless and until the plaintiff in said suit or bill in equity shall pay, or legally tender, to the grantee in said deed, or the heirs, successors, or assigns of said grantee, as the case may be, the full amount of the redemption price for said property, as hereinabove fixed and determined; unless it shall clearly appear that the tax or special assessment for the collection of which the

execution under or in obedience to which said sale was held was not due at the time of said sale, or that service or notice was not given as required herein." Code Ann. § 92-8314. Even if, as contended, the plaintiff did not owe the 1930 and 1931 tax executions, and should have been entitled to a homestead tax-exemption credit on the 1938 taxes, she was not relieved thereby from tendering the amount that she admittedly owed; and her financial inability to make the tender does not alter the rule. *Peoples Credit Clothing Co.* v. *Atlanta,* 173 *Ga.* 653 (160 S. E. 873); *Candler* v. *Gilbert,* 180 *Ga.* 679 (5) (180 S. E. 723); *Pierce Trading Co.* v. *Blackshear,* 182 *Ga.* 649 (186 S. E. 721); *Elder* v. *Home Building & Loan Association,* 185 *Ga.* 258 (194 S. E. 745); *Clisby* v. *Macon,* 191 *Ga.* 749 (13 S. E. 2d, 772); *Georgia Baptist Orphans Home Inc.* v. *Moon,* 192 *Ga.* 81 (14 S. E. 2d, 590). This rule applies in the instant case. If the county bid more than the amount of the taxes and costs actually owed by her, the plaintiff should have tendered at least the amount of the taxes she admittedly owed. Having failed to make this tender, she was not entitled to any relief based upon the alleged invalidity of a portion of the tax claims. No contention is made that the county did not properly complete the purchase at the tax sale by making payment as required by law (Code Ann. § 92-8201); and thus it appears that the redemption period allowed by law had elapsed before the institution of the foreclosure proceedings. The plaintiff was not entitled to enjoin these proceedings, without a proper tender.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*