19157. ROBERTS *v.* SUTTLES, Tax Commissioner.

ARGUED NOVEMBER 15, 1955—DECIDED JANUARY 9, 1956.

*Albert A. Roberts,* for plaintiff in error.

*Harold Sheats, Durwood T. Pye, E. A. Wright,* contra.

WYATT, Presiding Justice. The constitutional amendment here in question appears in Georgia Laws, 1952, p. 591, and in so far as is here material provides as follows: "The General Assembly of Georgia shall have the power by general, local, or special law applicable to all counties having therein the greater part of a city with a population of 300,000 or more, according to the United States census of 1950 or any future United States census, and to said city including any portions which lie in one or more counties, without regard to the uniformity provisions otherwise contained in this article, section, and paragraph of this Constitution, to:

"(a) Provide for the establishment of a board of tax assessors, to define the jurisdiction, powers and duties thereof, the number, terms and qualifications of the members of such board, method of appointment, filling vacancies, removal and remuneration, and

"(b) Authorize said board to assess all taxable property in the county and in the city for taxation by either for all purposes which is now or may hereafter be authorized by law, and

"(c) Create a board of tax appeals and equalization, by whatever name designated, and to define the jurisdiction, powers and duties thereof and the number, terms and qualifications of the members of such board and methods of appointment, filling vacancies, removal and remuneration of its members, and establish procedures for appeals from assessments made by the board of tax assessors and for the equalization of said assessments which procedures shall be in lieu of any rights of arbitration or appeal heretofore existing in the county or in the city.

"(d)    Authorize or direct appropriations by the county or the city, or by both, or provide otherwise, for the support of the board or boards created by the General Assembly.

"(e)    The authority conferred on the General Assembly by this amendment shall be retroactive to January 1, 1952.  Any Act passed after January 1, 1952, germane to the subject matter of this amendment, shall be conclusively presumed to have been passed under the authority of this amendment.  It is declared that the authority conveyed to the General Assembly by this amendment relates to only one general subject matter, and the General Assembly is empowered, but not directed, to exercise such authority by one law pertaining to all or any one or more of said functions, which law may be passed prior to the submission of this amendment to the people."

The act of the General Assembly passed in pursuance of this Constitutional amendment appears in Georgia Laws, 1952, p. 2825, and in so far as is here material provides: "Section 2.  There is hereby created a joint city-county board of tax assessors for the entire territorial area of the city, and the county.  Said board of tax assessors shall consist of 7 members, 4 of whom shall be elected by the governing body of the city and shall be citizens of the city.  The remaining 3 members shall be elected by the commissioners who shall be residents of the county and may reside within the territorial limits of any city located wholly or partly therein.  .  .

"Section 5.  Said joint board of tax assessors shall have all the duties, powers and authority given to county tax assessors in Chapter 92-69, Code of Georgia, as amended, in carrying out the purposes of this Act.     .

"Section 6.  It shall be the function and the duty of said joint board of tax assessors to fix the value of all property located within the city for city tax purposes and the value of all property located in the county for all State, county, school or other tax purposes.  They shall prepare and keep tax maps and other tax records, adopt and amend such rules and regulations as will establish an equitable and scientific system of assessing property for taxation; shall give notices of assessment as provided by law and perform any and all other duties relating to the assessments of taxable property as may be appropriate and necessary.  .  .

"Section 10.  If the joint board of tax assessors finds that any

taxpayer has failed to return his property or has omitted from the return any property that should have been returned or has undervalued any property, said board shall have all the powers with respect to such returns provided by general law for the county board of tax assessors and shall proceed as therein provided to require correct returns.

"Section 11. There is hereby created a board of tax appeals and equalization to consist of 7 members. Two of the members of this board shall be members of the joint board of assessors. One of these shall be a county member to be elected by the commissioners and the other a city member to be elected by the governing authority of the city. The governing authority of the city shall elect 3 members who shall be citizens of the city and the governing authority of the county shall elect 2 members who shall be citizens of the county and may reside anywhere in the county."

The petitioner in this case attacks the act of the General Assembly above quoted from as being unconstitutional on the following grounds: " (a) That the members of said board are not required to be freeholders of Fulton County, Georgia. (b) That the members of said board are not required to be residents of Fulton County, Georgia. (c) That the act was passed prior to the adoption of a constitutional amendment authorizing said board. (d) That four of the members were not appointed by the Board of County Commissioners of Fulton County, namely: Leo Sudduth, W. M. Blankenship, J. S. Tiller, and C. A. Henson, Jr."

The only power this court has is to examine the Constitution as amended and determine whether or not the act of the General Assembly is authorized under the terms of the Constitution as amended. This we have done, and we find that every provision of the act of the General Assembly under attack is expressly authorized by the amendment to the Constitution above referred to. A mere reading of the constitutional amendment, it seems to us, discloses this to be true, and nothing we can say or add to the terms of the constitutional amendment would in any way clarify the unambiguous language there used.

We are not unmindful of the argument that this is a very dangerous way in which to deal with the fundamental law of our

State, and that the Constitution is rapidly becoming a hodge-podge of so-called general provisions with local application. We are also aware of the fact that, under the terms of this constitutional amendment, a tax assessor who does not live in Fulton County can be appointed and authorized to fix the valuation of the property of the citizens of Fulton County. We agree that the fundamental law of our State, the Constitution, by this method is being undermined and destroyed. We, however, have no legislative authority, and when the General Assembly proposes to the people of Georgia an amendment to the Constitution, and it is duly approved, it becomes binding upon this court and we can do nothing but give it effect.

The only attack made by the plaintiff in error upon this act of the General Assembly is under the Constitution of the State of Georgia. If an attack had been made under the provisions of the Constitution of the United States, we think a different question would have been presented; but since no attack is made under the Federal Constitution, we can not pass upon that question.

It follows from what has been said above, the judgment sustaining the general demurrer was not error.

*Judgment affirmed. All the Justices concur.*