19219. HOLLOWAY *v.* DE VANE, Sheriff, *et al.*

CANDLER, Justice. In this litigation the plaintiff prayed for cancellation of a tax execution and for injunction to prevent a sale of his property, which had been levied on for the purpose of satisfying such execution. His petition in substance alleges that the value of the property which he returned for State and county ad valorem taxes in Schley County for 1954, had, for stated reasons, been illegally increased, thereby fixing the

tax on his property at $190.35; that on the basis of a valid assessment he was due a State and county ad valorem tax of only $94; and that he was ready and willing to pay that amount. The judge, after hearing evidence, refused an interlocutory injunction and to that judgment the plaintiff excepted. *Held:*

1. The plaintiff in this case, as the record shows, voluntarily made a tax return in Schley County for 1954 of certain property which he owned and which was subject to an ad valorem tax. He has not paid or offered to pay the amount of tax admitted to be due on the property so returned. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code § 37-104. One seeking equitable relief from the enforcement of a tax execution based upon an assessment allegedly excessive, or for other cause, but admitting, as here, that he owes a part of the tax covered by such execution, must, prior to the institution of an equitable action for cancellation and injunction, pay or offer to pay the amount of taxes admitted to be due, in order to obtain the relief sought. *Peoples Credit Clothing Co.* v. *City of Atlanta,* 173 *Ga.* 653 (160 S. E. 873); *Candler* v. *Gilbert,* 180 *Ga.* 679 (180 S. E. 723); *Pierce Trading Co.* v. *City of Blackshear,* 182 *Ga.* 649 (186 S. E. 721). An allegation that one is "ready and willing to pay" an amount of tax admitted to be due is not an "offer" to pay as required by law. *Clisby* v. *City of Macon,* 191 *Ga.* 749 (13 S. E. 2d 772).

2. On application of the foregoing principles to the pleadings and evidence in the instant case, the judge did not err, as contended, in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 13, 1956.

*Fort & Fort,* for plaintiff in error.

*Joseph M. Rogers,* contra.

