19415. WILLIAMS *et al.* v. HUTCHINS.

HAWKINS, Justice. While injunction, when properly invoked, is an available remedy to restrain the collection of an unlawful exaction in the form of a tax based upon an excessive levy, and one need not await the levy of a tax execution before seeking such relief, and need not pay or tender any part of a tax under a levy *wholly* void (*Pullman Co.* v. *Suttles,* 187 *Ga.* 217, 220, 199 S. E. 821)—yet, where, as here, a citizen and taxpayer of a county seeks in his own behalf, and in behalf of other taxpayers similarly situated, to enjoin the collection of any further taxes, to enjoin the disposition of any sums already collected, and to compel a refund of any sums already collected under items 3 and 7 of the 1955 ad valorem tax levy of DeKalb County, which two items he alleges to be excessive, but no attack is made upon the other thirteen items of the tax levy, and the petition further alleging that the plaintiff has not paid any of his 1955 taxes, it was error to overrule a general demurrer to the petition upon the ground that the petition shows on its face that the petitioner owes unpaid taxes to DeKalb County for the year 1955, and has not paid or tendered the amount of taxes legally due and payable to the county. One seeking relief from two items of a tax levy alleged to be excessive, but admitting, either expressly or by necessary implication, that he owes taxes covered by other items of such levy, must

pay or offer to pay the amount of taxes admitted to be due, in order to obtain the relief sought. *Clisby* v. *City of Macon*, 191 *Ga.* 749 (13 S. E. 2d 772), and cases there cited; *Holloway* v. *DeVane*, 212 *Ga.* 182 (91 S. E. 2d 350).

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

*George P. Dillard, W. Dan Greer,* for plaintiff in error.
*James R. Venable, Margaret Hopkins,* contra.
*Harry S. Baxter, Smith, Kilpatrick, Cody, Rogers & McClatchey,* for parties at interest not parties to record.