## 21191. TRUST INVESTMENT & DEVELOPMENT COMPANY, INC. v. CITY OF MARIETTA.

SUBMITTED MARCH 13, 1961—DECIDED APRIL 6, 1961—
REHEARING DENIED APRIL 20, 1961.

*Claude M. Hicks, G. Robert Howard,* for plaintiff in error.
*William H. Burke,* contra.

ALMAND, Justice. The Trust Investment & Development Company, Inc., plaintiff in error in this court, filed in the office of officials of the City of Marietta, designated to receive them, its ad valorem tax returns for the year 1959. These returns were not accepted, and the board of tax assessors proceeded to assess the property at higher values. Notice of the higher valuation was given to the taxpayer. A demand was made for arbitration, and the taxpayer appointed its arbitrator as provided by section 16 of Chapter 26 of the Code of the City of Marietta. The city appointed its arbitrator, but at no time did the petitioner receive notice that the City of Marietta had appointed its arbitrator or filed the name thereof with the Clerk of the City of Marietta. After more than twenty days had passed, and in accordance with section 20 Chapter 26 of the Code of the City of Marietta, the city wrote a letter to the taxpayer saying that the arbitration had expired. In the same month, the city sent petitioner tax bills on the assessed property for the year 1959, based upon the valuations mentioned above. The taxpayer filed in the superior court a petition to enjoin the collection of the taxes; to have declared void, illegal, invalid the assessments *as reassessed for the year 1959;* to have the sections of the charter and ordinances dealing with arbitrations of tax disputes declared unconstitutional for the reason that there is no provision for notice to the taxpayer of the name of the city's arbitrator, and the section does not take into account any disputes between the arbitrators.

Demurrers were filed by the City of Mareitta, and upon hearing same the court sustained said demurrers. Error is assigned on the order sustaining the City of Marietta's general demurrers to the petition.

Nowhere in the petition is it shown that the plaintiff paid or offered to pay the amount of taxes admitted to be due. Where a taxpayer makes a tax return, as was done here, of property subject to ad valorem tax, he admits that there is a liability for taxes on the property returned. *Candler v. Gilbert,* 180 Ga. 679 (5) (180 S. E. 723). In so admitting a tax liability, he must pay or offer to pay the amount of taxes admitted to be due, in order to obtain the relief sought. *Holloway v. De Vane,* 212 Ga. 182 (1) (91 S. E. 2d 350), and cases cited therein. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." *Code* § 37-104.

To the contention of the plaintiff in error that the instant case falls within the holding of *Pullman Co. v. Suttles,* 187 Ga. 217, 220 (199 S. E. 821), which held that "One against whom an unlawful exaction in the form of a tax is sought to be made, by virtue of unconstitutional statute or procedure, is entitled to an injunction to restrain its collection, if adequate remedy at law by affidavit of illegality is not provided; and it is not necessary that he first tender any part of the *wholly illegal tax* [Italics ours] or resort to arbitration under invalid or inapplicable statutes, or await the levy of a tax execution," we cannot agree for the reason that in the *Suttles* case the petition sought to enjoin the collection of a wholly illegal tax. Petitioner there alleged that no tax was due on a particular item, for there was no taxable status for such property in Fulton County, and that the procedure and statutes were unconstitutional because they were in violation of the due-process clause of the Federal and State Constitutions, and the interstate-commerce clause of the Federal Constitution. In the case at bar, the entire tax is not alleged to be illegal, void, or unconstitutional, nor is it alleged that the statutes on which the tax itself is based are unconstitutional. But rather, the petition attacks the manner of arbitration on the amount of taxes admitted to be due the City of Marietta. In not

attacking the tax itself, the petitioner fails to set forth a cause of action for relief, where it is not shown that it has paid or offered to pay the taxes admitted to be due. *Candler v. Gilbert*, 180 Ga. 679, supra.

*Judgment affirmed. All the Justices concur.*