22732. WALKER, Tax Assessor, et al. v. BURNS.

DUCKWORTH, Chief Justice. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." *Code* § 37-104. The subject-matter of this suit in equity is county taxes for the year 1963. The tax liability of this petitioner accrued on January 1, 1963. His petition shows that he owes some taxes. It alleges that he can not tender into court "any amount of taxes which he may be legally due for the year 1963 for the reason that such tax rate has not been fixed," but he is ready, able and willing to pay such tax when it has been determined. The petition alleges that the tax assessors have accepted his return of personal property with the exception of assessing against plaintiff the sum of $200 for merchandise at a pottery plant owned by him, and alleges that it "could not be worth even $2.00." Therefore, the amended

petition showing the petitioner owed the 1963 taxes on his property, and that he had failed to return some of it, and failed to pay or tender what he regarded as the fair amount of his taxes, failed to do equity, his petition should have been dismissed on demurrer. *Linder v. Watson,* 151 Ga. 455 (107 SE 62); *Candler v. Gilbert,* 180 Ga. 679, 681 (180 SE 723); *Clisby v. City of Macon,* 191 Ga. 749 (13 SE2d 772); *Holloway v. DeVane,* 212 Ga. 182 (91 SE2d 350); *Williams v. Hutchins,* 212 Ga. 594 (94 SE2d 412); *Trust Investment &c. Co. v. City of Marietta,* 216 Ga. 788 (119 SE2d 568). See also as to a defaulter, *Douglas v. McCurdy,* 154 Ga. 814 (115 SE 658); *Garr v. E. W. Banks Co.,* 206 Ga. 831 (59 SE2d 400).

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 9, 1964—DECIDED NOVEMBER 19, 1964.

*Beck, Goddard, Owen & Smalley, J. R. Mills, Jr., Sam L. Whitmire, Jr.,* for plaintiffs in error.

*Kennedy, Kennedy & Seay,* contra.