### 24143. FREEMAN et al. v. KEATON et al.

FRANKUM, Justice. 1. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Code* § 37-104. Those who seek the aid of a court of equity to restrain and enjoin the taxing authorities of a county from collecting or attempting to collect taxes alleged to have been illegally assessed against the property of the petitioners, and alleging in their petition, and thus admitting thereby, that they owe *some* taxes for the year in question, must show that they have tendered and offered to pay the amount of taxes in fact due in order to obtain the relief sought. *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (1) (160 SE 873); *Candler v. Gilbert,* 180 Ga. 679 (180 SE 723); *Elder v. Home Bldg. & Loan Assn.,* 185 Ga. 258 (1) (194 SE 745); *Clisby v. City of Macon,* 191 Ga. 749 (2) (13 SE2d 772); *Behr v. City of Macon,* 194 Ga. 334 (3) (21 SE2d 169). "Where a taxpayer seeks to prevent the collection of an ad valorem tax, and he admits, either expressly or impliedly, that he is liable for at least a part of the tax sought to be collected, he must first pay or offer to pay the amount of the tax legally due, before enjoining its collection." *Trust Investment &c. Co. v. City of Marietta,* 216 Ga. 788 (119 SE2d 568); *Martin v. Moon,* 221 Ga. 154 (143 SE2d 644).

2. While the petitioners in the instant case did in their petition admit "that there is a valid tax liability due by them to Miller County, and the State of Georgia for 1966," with respect to the tender of the amount of taxes due, petitioners

alleged merely that they had tendered to the tax commissioner or tax collector "the identical amount of taxes paid for the year 1965, which amount your petitioners show is lawful, fair, and reasonable." In the absence of allegations showing that the plaintiffs returned the same property, both real and personal, for the year 1966 as they returned for taxes in the year 1965; that the millage rate set by the defendants, the Board of Commissioners of Roads and Revenues of Miller County for the year 1966 was the same as the rate set by the board for the year 1965; that the amount of tax each of the petitioners tendered was computed by applying the applicable millage rate to the fair market value of the respective properties of the petitioners as adjusted by the assessment rate in the county, such allegations amounted to no more than a bare conclusion of the pleaders, and were insufficient to show a valid tender of the amount of taxes admitted by the petitioner to be due. See *Jolly v. Jones,* 201 Ga. 532 (40 SE2d 558).

3. For the foregoing reasons, if for none other, the petition failed to set forth a cause of action for equitable relief, and the judge of the superior court did not err in sustaining the general demurrer and in dismissing it.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED JUNE 12, 1967—DECIDED JULY 14, 1967.

*Harold Lambert,* for appellants.

*Stone & Stone, Lowrey S. Stone, W. L. Stone, J. A. Drake,* for appellees.