24931. DOBSON et al. v. BROWN, Tax Assessor, et al.

ARGUED NOVEMBER 13, 1968—DECIDED JANUARY 10, 1969—
REHEARING DENIED JANUARY 23 AND FEBRUARY 6, 1969.

*Harris, Chance & McCracken, Roy V. Harris, Henry T. Chance,* for appellants.

*Franklin H. Pierce, Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Jay M. Sawilowsky,* for appellees.

MOBLEY, Justice. W. R. Dobson, Jr., and eleven others, some of whom are residents, property owners, and taxpayers of Richmond County, and the others, residents, property owners, and taxpayers of Richmond County, residing in the City of Augusta, brought an equitable action against the Chief Tax Assessor for the City Council of Augusta and Richmond County, the Board of Tax Assessors Review and the members thereof, the City Council of Augusta, the Board of Commissioners of Roads and Revenues for the County of Richmond and the members thereof. They alleged that: The Chief Tax Assessor has assessed their property, acting under the purported authority of Ga. L. 1962, pp. 3172-3180, which is a void, illegal and unconstitutional Act, for stated reasons. He has undertaken to assess their property at an evaluation far in excess of the just and fair value of the property. The actions of the Chief Tax Assessor, and the other governmental agencies named as defendants, under this unconstitutional Act, are illegal, null, and void.

It was prayed that: The Act of the General Assembly, Ga. L. 1962, pp. 3172-3180, be declared null and void; the defendants be restrained and enjoined from exercising any authority or performing any duties by virtue of the Act; rule nisi issue; the Chief Tax Assessor be enjoined from compiling the illegal tax digest and transmitting it to the State Revenue Commissioner; and for other relief.

After consideration of the pleadings and the evidence submitted on the hearing, the trial judge denied interlocutory injunction, and the appeal is from that judgment.

■ The appellees assert that the question raised on appeal is moot because it was shown at the hearing that the tax digest had been transmitted to the State Revenue Commissioner. In addition to the prayer to restrain the Chief Tax Assessor from compiling and transmitting the tax digest, it was further prayed that the defendants be restrained and enjoined from exercising any authority or performing any duties by virtue of the alleged void Act of 1962. The officers and assistants authorized by the 1962 Act will continue to perform their duties unless restrained and enjoined, and the performance of the duty of transmitting the tax digest does not render the case moot. *Robertson v. Temple,* 207 Ga. 311 (1) (61 SE2d 285).

■ The appellees assert that the appellants have not shown the existence of grounds entitling them to equitable relief; that the appellants are guilty of laches; and that they have failed to tender taxes due the City Council of Augusta and are not entitled to equitable relief against the City Council of Augusta.

(a) The appellants are taxpayers of the County of Richmond. They assert that the Act under which the Chief Tax Assessor and the Board of Tax Assessors Review are purporting to act in assessing the value of their property is unconstitutional, null, and void, and that it follows that all acts of the Chief Tax Assessor and the Board of Tax Assessors Review under this void Act are null and void. We hold in the following division of the opinion that the Act is unconstitutional and therefore void. This being true, the Chief Tax Assessor and the Board of Tax Assessors Review were wholly without authority to assess the appellants' property for taxation. The provisions of the unconstitutional Act for review of assessments of taxpayers feeling aggrieved were also void. The appellants were authorized to seek the aid of a court of equity to enjoin the unauthorized actions of the illegal tax officers. Compare: *Green v. Calhoun,* 204 Ga. 550 (50 SE2d 209).

(b) It is a well settled principle of equity that one seeking equitable relief from an alleged illegal or excessive tax assessment must pay, or tender, the fair amount which he admits to be due. *Holloway v. DeVane,* 212 Ga. 182 (91 SE2d 350); *Trust Investment &c. Co. v. City of Marietta,* 216 Ga. 788

(119 SE2d 568); *Smith v. City of East Ellijay*, 217 Ga. 364 (122 SE2d 112); *Walker v. Burns*, 220 Ga. 467 (139 SE2d 389).

It is significant that the appellants sought only to have the Act declared unconstitutional, null, and void, to enjoin the tax officers from exercising any authority or performing any duties by virtue of the Act, and to enjoin the Chief Tax Assessor from compiling the illegal tax digest and transmitting it to the State Revenue Commissioner. They did not ask that the county and city authorities be enjoined from collecting taxes from them. It appears that any owner of property subject to taxation would have standing to seek the relief here sought without tendering any taxes that he might owe.

(c) The appellees strongly urge that the appellants are barred by laches from bringing their action, the contention being that the appellants filed tax returns from 1962 (the year the Act was enacted) through 1968, and made no complaint about the unconstitutionality of the Act until 1968.

"Not even estoppel can legalize or vitalize that which the law declares unlawful and void." *Flournoy v. Highlands Hotel Co.*, 170 Ga. 467, 471 (153 SE 26). "An unconstitutional statute, though having the form and name of law, is in reality no law, and confers no authority upon, and affords no protection to, an officer acting thereunder." *Dennison Mfg. Co. v. Wright*, 156 Ga. 789 (4a) (120 SE 120).

A horse does not jump until he is spurred. A taxpayer is not required to go to the trouble and expense of having a tax Act declared unconstitutional until he suffers some damage or injury, or until he is threatened with such. These taxpayers apparently had no cause for complaint until assessments were made against their properties in 1968 which they considered excessive. They are not attempting to recover taxes paid in prior years. Their failure to bring an action in prior years would not prevent them from maintaining their present action. *Montgomery v. Suttles*, 191 Ga. 781 (3b) (13 SE2d 781).

3. The real question for determination is whether Ga. L. 1962, pp. 3172-3180, under which the property of residents of the County of Richmond and the City of Augusta is assessed for taxation, is unconstitutional and void. This Act purports to

be enacted under the authority of a constitutional amendment (Ga. L. 1956, pp. 453-456), which amends Art. XI, Sec. I, Par. VI of the Constitution (*Code Ann.* § 2-7806), requiring uniformity (with certain exceptions) of county officers throughout the State.

The constitutional amendment provides: "The General Assembly shall have the power to consolidate and combine the county and city board of tax assessors for both real and personal property of the City Council of Augusta and County of Richmond, and all the governmental functions and powers now vested in and exercised by said board of tax assessors in the City Council of Augusta and County of Richmond; to create, designate and give a name to a city-county board of tax assessors for the municipality of the City Council of Augusta and the entire area of Richmond County; to vest and confer upon such city-county board of tax assessors such authority as may be conferred upon tax assessors of municipalities, counties, or both, under existing laws; to abolish any and all offices now existing under any and all Acts under the city charter of City Council of Augusta pertaining to the board of tax assessors for both real and personal property for the City Council of Augusta, and any and all offices now existing under any and all Acts relating to the Richmond County Board of Tax Assessors; to create a city-county board of tax assessors and offices for the purpose of exercising and carrying out the powers to be vested in such board and the powers and duties formerly appertaining to such boards and offices; to provide a mode and method for the appointment of the members of the city-county board of tax assessors; to delegate to the governing authority of the municipality of City Council of Augusta and the County of Richmond full power and authority to abolish the presently constituted board of tax assessors of the City Council of Augusta and County of Richmond, and to create in lieu thereof new offices and a city-county board of tax assessors to be vested with all the duties and powers of the offices and boards of tax assessors thus abolished; to provide for the employment of assistants to such board; to provide for the payment of compensation to the city-county board of tax assessors; to provide

that the General Assembly in exercising the powers herein conferred may include in the Act or law, or any amendment thereto, any one or more of the powers or provisions herein enumerated and may exclude therefrom any one or more of the powers herein enumerated and in exercising the powers herein conferred, it shall not be necessary that the enactment or enactments of the General Assembly pursuant hereto carry with it a referendum to the qualified voters of the County of Richmond and the City Council of Augusta; and for other purposes."

The provisions of the Act of 1962 (Ga. L. 1962, pp. 3172-3180) bear little resemblance to the provisions of the constitutional amendment under which it purports to be enacted. The 1962 Act creates a joint board, to be known as the board of tax assessors review, to consist of 12 members, 6 to be elected by the governing authority of the city, and 6 to be elected by the commissioners of roads and revenues of the county. It creates the office of chief tax assessor, to be elected by the City Council of Augusta, with the concurrence of the Board of Commissioners of Roads and Revenues of Richmond County. It provides that the chief tax assessor "shall have all duties, powers and authority given to the county tax assessors in Chapter 92-69, Code of Georgia, as amended, in executing the purposes of this Act; and it shall be the duty of the chief tax assessor to fix the value of all property located within the city for tax purposes, and value all property located in the county for all State, county, school or other tax purposes." It also provides that the chief tax assessor shall prepare and keep tax maps and other tax records; give notice of assessments as provided by law and perform any and all other duties relating to the assessment of taxable property as may be appropriate and necessary; receive all returns required of taxpayers within the county and city (all taxpayers being required to make a single return to the chief tax assessor on such form as may be prescribed by the board of tax assessors review); to process all tax returns and to prepare and deliver to the city, county, State Revenue Commissioner, and Comptroller General, a complete tax digest of property within the county and city by June 1 of each year. The board of tax assessors review is divided into two divisions,

one to review real estate assessments, and the other to review personalty assessments. The chief tax assessor is made an ex officio member of both divisions. The board of tax assessors review shall review, on petition, the assessments of taxpayers feeling aggrieved. The board's findings are final unless the taxpayer, within 20 days, institutes proceedings in equity in the superior court of the county; and the provision for review by the board of tax assessors review is in lieu of arbitration or other review provided by law.

A comparison of the constitutional amendment with the 1962 Act shows that, contrary to the authority of the amendment to consolidate the city and county boards of tax assessors and vest in such combined board the powers and duties of tax assessors of municipalities and counties under existing law, the 1962 Act creates the office of chief tax assessor and places on him all the duties, power, and authority given to county tax assessors under Chapter 92-69 of the Code, as amended. The Act further provides that the chief tax assessor shall receive all returns required of taxpayers within the county, which, as to county taxes, is a duty of the Tax Commissioner of Richmond County (see Ga. L. 1956, pp. 2362-2370) under *Code* § 92-6206, as amended.

It is argued by the appellees that twice in the constitutional amendment the General Assembly is authorized to create a board and "offices" for the purpose of exercising the powers and duties of the boards and offices abolished, and that the creation of the office of chief tax assessor and the board of tax assessors review complies with the constitutional amendment.

The amendment provides that the General Assembly may consolidate the county and city boards of tax assessors and "vest and confer upon such city-county board of tax assessors such authority as may be conferred upon tax assessors of municipalities, counties, or both, under existing laws; . . ." The "offices" authorized to be created would thus have to be subservient offices, and not an office of chief tax assessor with all the duties, powers, and authority given boards of tax assessors under Chapter 92-69 of the Code. The constitutional amendment does not authorize the creation of an office, not subordinate

to the consolidated board, which is to have all of the evaluation duties of the abolished boards of tax assessors.

In *Roberts v. Suttles,* 212 Ga. 138 (91 SE2d 32), wherein this court upheld the constitutionality of an Act creating a joint city-county board of tax assessors for Atlanta and Fulton County, it was pointed out that every provision of the Act under attack was expressly authorized by a constitutional amendment. The provisions of the Act under attack in the present case are not authorized by the constitutional amendment of 1956, and the 1962 Act (Ga. L. 1962, pp. 3172-3180) violates the Constitution, Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401), providing that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law; and Art. XI, Sec. I, Par. VI (*Code Ann.* § 2-7806), requiring uniformity of county officers throughout the State.

It was error to deny the interlocutory injunction.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*